Madonna GREEN, Appellant

v.

OWENSBORO MEDICAL HEALTH SYSTEM, INC.; Orthopaedics & Sports Medicine Owensboro, P.S.C.; and Lowell Westerfield, M.D., Appellees.

No. 2005–CA–001422–MR.

Court of Appeals of Kentucky.

Aug. 10, 2007.

Bruce E. Kuegel, Owensboro, KY, for appellant.

Ronald G. Sheffer, William K. Burnham, Louisville, KY, for appellee, Owensboro Medical Health System.

David F. Broderick, P. Kevin Hackworth, Bowling Green, KY, for appellee, Orthopaedic Sports Medicine.

Frank Stainback, Tyson Kamuf, Owensboro, KY, for appellee, Lowell Westerfield, M.D.

Before ABRAMSON and NICKELL, Judges; PAISLEY,[1] Senior Judge.

## *OPINION*

NICKELL, Judge.

Madonna Green (hereinafter "Green") brings this appeal from a June 16, 2005, order of the Daviess Circuit Court granting summary judgment to all appellees in this medical malpractice case. We affirm.

The relevant facts are that Green fractured her finger. Dr. Charles Milem, an orthopedic surgeon practicing with Orthopaedics and Sports Medicine of Owensboro, P.S.C. (hereinafter "OSMO"), performed surgery on Green's hand on October 15, 2002. Dr. Lowell Westerfield provided general anesthesia during the procedure. By all accounts the hand surgery was successful, but upon awakening in the recovery room, Green dis-

---

1. Senior Judge Lewis G. Paisley sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

covered her top four front teeth were loose, misaligned, and bloody.

On October 14, 2003, Green filed suit against OSMO, Dr. Westerfield, and Owensboro Medical Health System, Inc. (hereinafter "OMHS"), the facility where the surgery occurred. Green alleged negligence by all three appellees in caring for her while she was unconscious. Green sought reimbursement for past and future dental bills as well as damages for her pain and suffering.

On October 23, 2003, OMHS filed interrogatories asking for the name of any expert witness Green intended to call at trial. On November 4, 2003, OSMO also filed interrogatories specifically asking whether Green had obtained an expert opinion as to the applicable standard of care. When Green did not respond, the appellees filed motions to compel. Following a hearing on March 16, 2004, the trial court entered an order requiring Green to respond to all discovery requests by April 15, 2004.

Green filed a flurry of responses on April 15, 2004, but failed to name an expert witness. On August 5, 2004, the trial court directed Green to disclose any expert witnesses by November 15, 2004. Green filed a timely response naming Dr. Barry Curry, DMD, Green's regular dentist, as an expert witness. However, Dr. Curry's testimony was to be limited to Green's pre- and post-operative dental condition and his belief that Green's current dental health resulted from trauma and not an ongoing disease.

Green was deposed on May 26, 2004. Her husband, Joseph Green, was deposed on November 29, 2004. No other testimony was taken.

In December 2004, Dr. Westerfield, OMHS, and OSMO each sought summary judgments based on Green's failure to name an expert on the standard of care applicable to each respective appellee. In its order dated January 18, 2005, the trial court denied the summary judgment motions, giving Green an additional 90 days in which to produce an expert. The 90–day extension expired in April 2005 without further disclosure. On June 16, 2005, the trial court entered summary judgment in favor of all appellees and dismissed the action with prejudice. This appeal followed.

On appeal, Green first contends the trial court abused its discretion in requiring her to offer expert standard of care testimony to prove her claim of medical negligence. She contends such expert testimony on the standard of care was unnecessary because jurors, based upon common knowledge and experience alone, could have inferred negligence from the facts. Green also contends the trial court erroneously entered summary judgment in favor of all three appellees.

■ Whether expert testimony is required in a given case is squarely within the trial court's discretion. *Keene v. Commonwealth*, 516 S.W.2d 852, 855 (Ky.1974). Absent an abuse of discretion, we will not disturb the trial court's ruling. *Baptist Healthcare Systems, Inc. v. Miller*, 177 S.W.3d 676, 680–681 (Ky.2005).

■ Generally, liability for medical negligence requires expert medical testimony establishing the applicable standard of care and the breach thereof. However, there are two circumstances in which negligence may be inferred without expert medical testimony. The first is where the negligence and injurious results are "so apparent that laymen with a general knowledge would have no difficulty in recognizing it." *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky.1965) (citations omitted); *Johnson v. Vaughn*, 370 S.W.2d 591, 596 (Ky.1963). *See also Perkins v. Hausladen*, 828 S.W.2d 652, 655 (Ky.1992); *Baptist Healthcare Systems, Inc., supra,*

at 680. The second is where other medical testimony provides an adequate " 'foundation for *res ipsa loquitur* on more complex matters.' " *Perkins, supra* at 655 (quoting *Prosser and Keeton on Torts,* Sec. 39 (5th ed.1984)). Since no medical testimony was taken, the second exception does not apply to the facts at hand.

Thus, we are left to decide whether laymen have sufficient common knowledge about administering anesthesia to infer negligence from the facts alone. While it seems unusual for a patient to enter an operating room for hand surgery with teeth intact and emerge with loose, misaligned, and bloody teeth, we do not believe a layman, without medical expert testimony identifying the required standard of care and the breach thereof, could competently determine an anesthesiologist, surgeon, and/or health care facility did something wrong before, during, and/or after Green's surgery so as to cause damage to her teeth. Such medical negligence would have been even less obvious to the average juror in the present case because Green admitted in her deposition that she suffers from multiple sclerosis and periodontal disease, thereby possibly making her more prone to dental injury.

■ Green offered no expert medical testimony from which a trier of fact could conclude any of the defendants breached the applicable standard of care. Contrary to Green's belief, we cannot say the average layperson possesses sufficient medical knowledge about intubation procedures, anesthesiology, and orthopedic surgery to determine Green's loose teeth obviously resulted from negligence. Therefore, we hold the trial court did not abuse its discretion in requiring Green to offer expert medical testimony to establish the respective requisite standard of care pertaining to each appellee.

■■ Finally, having affirmed the trial court's decision requiring expert medical testimony, it necessarily follows, contrary to Green's second contention, that we find no error in the granting of summary judgment to each of the appellees. Summary judgment is appropriate when a party is given the opportunity to present evidence showing a disputed material fact exists and the court ultimately finds no such dispute exists. *Hoke v. Cullinan,* 914 S.W.2d 335, 337 (Ky.1995). Green had many opportunities, spanning well over one year, to secure expert witnesses to establish the respective standard of care expected of an anesthesiologist, an orthopedic surgeon, and a health care facility. The only expert witness Green named was her own general practice dentist. However, her family dentist was never listed as an authority regarding any applicable standard of care. Thus, even if Green could prove she suffered dental trauma, she failed to produce any evidence to establish that such trauma resulted from negligence by any or all of the defendants. Without an expert medical witness to establish deviation from the applicable standard of care, Green could not prevail on her medical malpractice claim under any circumstance. *Steelvest, Inc. v. Scansteel Service Center, Inc.,* 807 S.W.2d 476, 479 (Ky.1991). In short, having failed to introduce evidence sufficient to establish the respective applicable standards of care, it was a legal impossibility for Green to prove the essential element of any alleged·breach thereof. Thus, the trial court properly granted summary judgment in favor of Dr. Westerfield, OSMO, and OMHS.

For the foregoing reasons, the order of the Daviess Circuit Court granting summary judgment is affirmed.

ALL CONCUR.