Cynthia **NALLEY** and Charles B. Nalley, Appellants

v.

Dr. Joseph C. **BANIS, Jr., M.D.** and Norton Hospital, Inc., Appellees.

No. 2005–CA–001334–MR.

Court of Appeals of Kentucky.

Nov. 9, 2007.

Angelena Elliott Etherton, Shepherdsville, KY, for Appellant.

Bradley R. Hume, Frank P. Hilliard, Louisville, KY, for Appellee.

Before MOORE and THOMPSON, Judges; GRAVES,[1] Senior Judge.

*OPINION*

MOORE, Judge.

Cynthia and Charles Nalley appeal the Jefferson Circuit Court's order granting the motions for summary judgment filed by Appellees Joseph C. Banis, Jr., M.D. and Norton Hospital, Incorporated. After a careful review of the record, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Dr. Banis performed elective chin implant and brow lift procedures on Mrs. Nalley at Norton Hospital. Several days later, she developed a staphylococcus infection near her chin implant, requiring Dr. Banis to remove the implant.

Thereafter, Mrs. Nalley and her husband filed their complaint in the circuit court. In the complaint, Mrs. Nalley alleged that, in the course of surgical procedure performed by Dr. Banis at Norton Hospital, Appellees "deviated from the accepted standard of medical care in the performance [of their] medical responsibilities to ... [Mrs.] Nalley," and that such constituted medical negligence. Mrs. Nalley further contended that as a result of Appellees' negligence, she "sustained and continues to sustain bodily injuries, physical and mental pain and suffering," and that she "incurred expenses for and incident to medical and hospital treatment," as well as lost wages.

After filing the complaint, Mrs. Nalley had an annual MRI scan performed for an unrelated medical problem that revealed she had a small metal sliver (measuring approximately 1 mm × 2 mm in size) and another smaller metal sliver in her scalp. Mrs. Nalley underwent surgery, performed by a different doctor, to remove the metal slivers.

The litigation in this matter proceeded and after the period for naming expert witnesses had passed, Appellees filed separate motions for summary judgment on the basis that the Nalleys could not meet their prima facie requirement that Mrs. Nalley's medical treatment fell below the standard of care for medical professionals in the absence of expert testimony. The Nalleys opposed the motions for summary judgment, contending that they did not need experts to testify concerning Mrs. Nalley's infection as this was common knowledge within the grasp of laypersons and that they did not need experts to testify concerning the metal slivers that were left in her skull because, pursuant to the doctrine of *res ipsa loquitur*, this condition would

---

1. Senior Judge John W. Graves sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5) of the Kentucky Constitution and KRS 21.580.

not have occurred unless Appellees were negligent.

The Nalleys further asserted that expert testimony was unnecessary to prove that because a screwdriver was not readily available to Dr. Banis this prolonged the surgery making Mrs. Nalley more susceptible to infection. Thus, the Nalleys contended that summary judgment should not be granted.

The circuit court found "that medical expert testimony would be necessary evidence for the Plaintiffs to demonstrate that the infection within the chin implant occurred because the Defendants were negligent as medical professionals." The court then reasoned that "[w]ithout sufficient evidence on the standard of care for these types of medical procedures, there are no genuine issues of material fact as to the breach of that standard."

Regarding the Nalley's *res ipsa loquitur* claim, the circuit court held that "the facts and circumstances are not sufficient for an inference that Dr. Banis and Norton Hospital were negligent simply because of [Mrs.] Nalley's post-operative experiences." Therefore, because the court believed that expert testimony was necessary for a jury to resolve the issues in this case and the Nalleys did not intend to rely on expert witnesses to testify in their case in chief, the circuit court granted Appellees' motions for summary judgment.

The Nalleys now appeal, alleging that the circuit court erred in granting Appellees' motions for summary judgment because the doctrine of *res ipsa loquitur* applies to show that Appellees were negligent as a matter of law. Specifically, the Nalleys contend that Appellees left metal fragments in Mrs. Nalley's head, and that this constitutes negligence as a matter of law. Furthermore, the Nalleys assert that it was not necessary to have an expert testify concerning "the issue of failure to use sterilized tools and equipment." They allege that the damages Mrs. Nalley incurred as a result of unsterilized tools and equipment is something "so basic that with common knowledge and general laymen experience, a juror could recognize the obvious negligence without the necessity of an expert witness." Importantly, the Nalleys do not argue that the circuit court erred by granting summary judgment based on their failure to meet the expert disclosure deadlines set forth in the court's pre-trial order, and subsequent extensions thereof.

## II. STANDARD OF REVIEW

"The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky.App.1996). Summary judgment should be "cautiously applied ... in actions involving allegations of negligence." *Poe v. Rice*, 706 S.W.2d 5, 6 (Ky.App.1986) (citations omitted). "The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr.*, 807 S.W.2d 476, 480 (Ky.1991). "Even though a trial court may believe the party opposing the motion may not succeed at trial, it should not render a summary judgment if there is any issue of material fact." *Id.* Further, "the movant must convince the court, by the evidence of record, of the nonexistence of an issue of material fact." *Id.* at 482.

## III. ANALYSIS

 It is well established that in a medical malpractice case, the burden of proof is upon the plaintiff to establish the negligence of a physician by medical or

expert testimony. *Morris v. Hoffman*, 551 S.W.2d 8, 9 (Ky.App.1977). Kentucky recognizes two exceptions to this requirement, both of which permit the inference of negligence even in the absence of expert testimony. *See Perkins v. Hausladen*, 828 S.W.2d 652, 654–55 (Ky.1992). Expert testimony is not required if " 'any layman is competent to pass judgment and conclude from common experience that such things do not happen if there has been proper skill and care.' " *Id.* at 655 (quoting Prosser & Keeton, on the Law of Torts, § 39 (5th ed.1984)). Regarding the second exception, if the defendant physician makes admissions of a technical character from which the jury can infer that he acted negligently, a plaintiff would not have to present expert testimony. *Id.* A "trial court's ruling with regard to the necessity of an expert witness [is] within the court's sound discretion." *Baptist Healthcare Sys., Inc. v. Miller*, 177 S.W.3d 676, 681 (Ky.2005).

Despite the general rule that expert testimony is necessary in most medical malpractice cases, in the case at hand, the Nalleys premised their entire case on the exceptions to this general rule. Importantly, the only arguments presented by the Nalleys before this Court are that exceptions to medical malpractice cases apply in the case at bar; consequently they maintain that expert testimony is not needed to meet their burden. Thus, they must show that the circuit court abused its discretion.

We believe it imperative to note that the Nalleys do not complain to this Court that the circuit court erred in granting summary judgment solely on their failure to meet the deadlines to name expert witnesses set forth in the pre-trial order and the extensions thereof. Rather, they contend they do not need an expert to defeat summary judgment or for their case in chief at trial. They do not even argue before this Court that there is at least a potential issue regarding whether expert testimony is needed. Accordingly, cases such as *Baptist Healthcare Sys., Inc.*, 177 S.W.3d 676, *Poe*, 706 S.W.2d 5 and *Ward v. Housman*, 809 S.W.2d 717 (Ky.App.1991) are inapplicable, and the Nalleys do not rely on them to defend their appeal.

The circuit court rejected the Nalleys' arguments that the exceptions to the necessity for expert witnesses apply to the case at hand. A "trial court's ruling with regard to the necessity of an expert witness [is] within the court's sound discretion." *Baptist Healthcare Sys.*, 177 S.W.3d at 681. For the reasons explained *infra*, we find no abuse of discretion.

The Nalleys contend that Mrs. Nalley's chin infection resulted from the use of unsterilized tools and equipment, as well as the fact that her surgery was prolonged because Dr. Banis had to wait to receive the screwdriver that he needed to complete her surgery. They allege that laypeople are able to determine whether her infection was caused by Appellees' negligence.

This Court has held, however, that laypeople do not "have sufficient general knowledge to recognize that infection … [is] the result[ ] of negligence." *Harmon v. Rust*, 420 S.W.2d 563, 564 (Ky.1967) (internal quotation marks omitted). Thus, the Nalleys' claim that an expert was unnecessary because laypeople could determine whether Mrs. Nalley's infection was caused by Appellees' negligence lacks merit. Consequently, the circuit court did not abuse its discretion in finding that expert testimony was necessary for a jury to make a determination regarding the Nalley's claims concerning Mrs. Nalley's chin infection. *See Baptist Healthcare Sys.*, 177 S.W.3d at 681.

The Nalleys also claim that the doctrine of *res ipsa loquitur* applies to their claim

concerning the metal fragments left in Mrs. Nalley's head. However, considering the extremely small size of these fragments, without expert testimony, it cannot be determined that the fragments would not have been left in her head "in the absence of negligence." *Turner*, 559 S.W.2d at 741.

Metal slivers cannot be accounted for after surgery like sponges or other medical devices. And, considering the minuscule size of the fragments, we cannot say the circuit court abused its discretion in concluding that expert testimony was necessary to prove negligence.

Importantly as well, however, is the fact that although metal fragments were discovered in Mrs. Nalley's head after her brow lift surgery performed by Dr. Banis at Norton Hospital, she had undergone other procedures in the general area of her face performed by other doctors; thus, reasonable minds could differ on which doctor was responsible for leaving the metal slivers in her head. Consequently, we agree with the circuit court that the doctrine of *res ipsa loquitur* is inapplicable to this claim. Therefore, the circuit court did not abuse its discretion in finding that expert testimony was necessary for a jury to make a determination regarding the metal fragment claim. *See Baptist Healthcare Sys.*, 177 S.W.3d at 681. Thus, it was not inappropriate for the circuit court to grant summary judgment in light of the Nalleys' firm conviction that they did not need an expert. *See, e.g., Green v. Owensboro Medical Health System, Inc.*, 231 S.W.3d 781 (Ky.App. Aug.10, 2007).

For the reasons as stated, the order of the Jefferson Circuit Court is affirmed.

ALL CONCUR.