RENDERED: JULY 22, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0279-MR

KEVIN REBER AND BEVERLY REBER          APPELLANTS

 

v.        APPEAL FROM SCOTT CIRCUIT COURT
HONORABLE BRIAN K. PRIVETT, JUDGE
ACTION NO. 16-CI-00416

PRISCILLA WALLS AND JEFF GREEN          APPELLEES

OPINION
AFFRIMING

** ** ** ** **

BEFORE: ACREE, COMBS, AND MAZE, JUDGES.

MAZE, JUDGE: Kevin and Beverly Reber (the Rebers) appeal from a summary judgment by the Scott Circuit Court dismissing their claims against Priscilla Walls (Walls) and Jeff Green (Green). The Rebers' claims in this case arise from Walls' and Green's alleged failure to disclose repairs to real property as part of the Sales and Purchase Contract. We agree with the trial court that the Rebers failed to show

that there were genuine issues of material fact on essential elements of their claims against Walls and Green for negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, breach of contract, and violation of the Kentucky Consumer Protection Act (KCPA). Hence, we affirm.

## I. Facts and Procedural History

Except where noted, the underlying facts of this matter are not in dispute. In 2005, Walls purchased a home and land located at 606 Woodduck Lane in Georgetown, Scott County, Kentucky. The property was situated on a hillside. In 2007, Walls contracted with United Structural Systems (USS), an engineering firm, to install twenty steel piers at points around the back wall of the house. In her deposition, Walls stated that there had been no structural issues with the foundation. Rather, she had the piers installed to prevent any future structural instability due to the house's location on a steep slope.

In 2013, Walls retained Green, a licensed real estate agent, to list and sell the property. In her initial Seller's Disclosure Statement, dated April 15, 2013, Walls checked "Yes" next to the question "Any defects or problems, current or past, to the foundation of slab?" She also included the handwritten notation, "Fixed" next to the question. Thereafter, on May 27, 2013, Walls prepared a second Disclosure Statement which checked "No" to the question. Walls states that she altered the disclosure because the initial answer was not accurate, as there

had been no prior issues with the foundation.  However, the Rebers allege that Walls had told a prior potential purchaser that "[d]oors were sticking due to house settling[,]" and that the piers were installed "to correct and prevent future settling."

On July 31, 2013, the Rebers entered into a real estate purchase contract to purchase the property from Walls for $210,000.00.  The Rebers were represented by Paige Brown, a licensed real estate agent affiliated with BMR Realty Group.  Prior to the closing, the Rebers hired JDG Home Inspections to conduct the home inspection.  The inspection report did not note the presence of the piers or indicate any foundation issues.

Following the closing, the Rebers took possession of the property. Over the next several years, the Rebers made numerous improvements.  They removed trees from the front yard, removed and replaced the driveway, installed a retaining wall and concrete pad, installed concrete steps from the garage down the side of the house to the backyard, and installed concrete steps from the concrete pad to the front door.

In February 2016, the Rebers discovered a leak in the front right portion of the basement.  In the process of investigating the leak, the Rebers learned of the piers that Walls had installed.  The Rebers hired USS to fix the leak and paid USS to extend the warranty on the piers.

Thereafter, on July 18, 2016, the Rebers filed the current complaint against Walls, Green, and JDG Home Inspections. In pertinent part, the Rebers asserted claims against Walls and Green for negligence, negligent misrepresentation, fraud and fraudulent misrepresentation, breach of contract, breach of duties of good faith and fair dealing, and violations of the KCPA. Their complaint sought compensatory damages for the cost of the repairs, costs of future repairs, and the diminution of the value of the property. The Rebers also sought punitive damages for the misrepresentation, fraud, good faith and fair dealing, and KCPA claims.

Following a period of discovery, Walls and Green moved for summary judgment. The Rebers responded with a cross-motion for summary judgment. Thereafter, on February 8, 2021, the trial court granted Walls' and Green's motions for summary judgment. The court found that there were genuine issues of material fact on whether Walls and Green misrepresented the existence of prior repairs to the foundation. However, the Court noted that the Rebers failed to present any expert witness stating that the installation of the piers caused the leak. Consequently, the court concluded that the Rebers had failed to establish an essential element of their negligence claims. The trial court separately found that a claim for negligent misrepresentation is only available in matters involving business transactions, not in a private sale of residential property.

Next, the court concluded that the Rebers' claims for fraud and fraudulent misrepresentation must fail because there was no evidence that Walls installed the piers to correct any existing foundation issues. Consequently, the court held that Rebers failed to establish that the representations in the Seller's Disclosure were materially false at the time they were made. Likewise, the court found that the Rebers failed to establish that any misrepresentations about the piers caused the injury. The court also determined that these factors precluded the contract claims. Finally, the trial court held that the Rebers could not recover compensatory damages given the absence of any evidence of actionable fraud or gross negligence. The trial court designated its order granting summary judgment to Walls and Green as final and appealable pursuant to CR[1] 54.02. This appeal followed.

## II. Standard of Review

The issues on appeal concern whether the trial court properly granted summary judgment dismissing the Rebers' claims against Walls and Green. "[T]he proper function of summary judgment is to terminate litigation when, as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480 (Ky. 1991). Summary judgment is

[1] Kentucky Rules of Civil Procedure.

-5-

appropriate "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56.03.

"The record must be viewed in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest*, 807 S.W.2d at 480. "The trial [court] must examine the evidence, not to decide any issue of fact, but to discover if a real issue exists." *Id.* On the other hand, "a party opposing a properly supported summary judgment motion cannot defeat it without presenting at least some affirmative evidence showing that there is a genuine issue of material fact for trial." *Id.* at 481. Since a summary judgment involves no fact-finding, this Court's review is *de novo*, in the sense that we owe no deference to the conclusions of the trial court. *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996).

## III. Negligence Claims

As the trial court correctly noted, the Rebers were required to show four elements to establish their claims for negligence: the existence of a duty, breach thereof, proximate causation, and damages. *Boland-Maloney Lumber Co., Inc. v. Burnett*, 302 S.W.3d 680, 686 (Ky. App. 2009) (citing *Illinois Central R.R. v. Vincent*, 412 S.W.2d 874, 876 (Ky. 1967); *Mullins v. Commonwealth Life Ins.*

*Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). The existence of a duty is a question of law for the court, while breach and injury are questions of fact for the jury. *Pathways, Inc. v. Hammons*, 113 S.W.3d 85, 89 (Ky. 2003). Causation presents a mixed question of law and fact. *Id.*

The Rebers argue that Walls and Green had a duty to disclose the piers installed by USS and that they breached that duty by negligently failing to disclose the prior repairs to the foundation. The trial court found there was a genuine issue of material fact whether Walls actually disclosed the existence of the piers. Specifically, the court noted Walls' testimony that she left the materials from USS in the house during the showings and that she discussed USS's warranty on the piers with the Rebers prior to the closing. Since the Rebers deny ever being informed about the piers, the trial court concluded that summary judgment was not appropriate on this issue.

However, the trial court further noted that the Rebers declined to consult with a structural engineer. Consequently, there was no evidence that the piers played any role in causing the leak in the foundation. The Rebers respond that they were not seeking damages caused by the leak. Rather, they state that they were seeking either the difference in the fair market values of the property as it was disclosed at the time of sale and with the undisclosed prior foundation work. In the

alternative, the Rebers contend that they may be entitled to rescission of the contract.

But as the trial court held, expert testimony is typically required to prove both the breach of a duty and proximate causation of damages. *Blankenship v. Collier*, 302 S.W.3d 665, 671 (Ky 2010) (citing *Perkins v. Hausladen*, 828 S.W.2d 652, 655-56 (Ky. 1992)). Expert testimony is not required where "the jury may reasonably infer both negligence and causation from the mere occurrence of the event and the defendant's relation to it." *Perkins*, 828 S.W.2d at 656 (quoting RESTATEMENT (SECOND) OF TORTS cmt. b, p. 157)). *See also Celina Mut. Ins. Co. v. Harbor Ins. Agency*, 332 S.W.3d 107, 109-10 (Ky. 2010). In this case, the Rebers rely only on the existence of a general statutory duty to disclose "other matters the [Kentucky Real Estate] Commission deems appropriate." KRS[2] 324.360(3)(f). The Rebers did not offer any expert testimony that the mere installation of the piers is the type of repair which the Commission would require to be disclosed.

Moreover, the Rebers do not identify any expert testimony stating that their claimed damages were caused by the failure to disclose. Even assuming that Walls and Green had a duty to disclose the piers and that they violated that duty, the Rebers do not identify any expert testimony that the fair market value of the

---

[2] Kentucky Revised Statutes.

-8-

property was diminished as a result. We agree with the trial court that these are matters which are outside of the scope of lay knowledge and therefore require expert testimony.

The Rebers assert that they "intended to retain an expert to compare the fair market value[.]" However, a party "cannot complain of the lack of a complete factual record when it can be shown that the respondent has had an adequate opportunity to undertake discovery." *Leeds v. City of Muldraugh*, 329 S.W.3d 341, 344 (Ky. App. 2010) (quoting *Cargill v. Greater Salem Baptist Church*, 215 S.W.3d 63, 69 (Ky. App. 2006)). In addition, the Rebers did not request additional time to obtain an expert. *Celina Mut. Ins. Co. v. Harbor Ins. Agency*, 332 S.W.3d at 113. Since the Rebers do not contend that they were deprived of a reasonable opportunity to obtain further discovery on this issue, we must conclude that the absence of expert testimony is fatal to their claims.

In the alternative, the Rebers argue that expert testimony is not necessary to support their claim for rescission of the contract. The Rebers concede that their original complaint did not seek rescission and the trial court did not rule on their motion to file an amended complaint seeking that remedy. The Rebers do not appeal from the trial court's failure to rule on that motion. Consequently, the rescission claim is not before this Court on appeal. In any event, rescission is a

remedy under the contract, not for negligence.  Therefore, we will address that issue below.

## IV.  Negligent Misrepresentation

In *Presnell Construction Managers, Inc. v. Eh Construction, LLC*, 134 S.W.3d 575, 580 (Ky. 2004), the Kentucky Supreme Court adopted the RESTATEMENT (SECOND) OF TORTS § 552, which outlines the elements of negligent misrepresentation as follows:

> (1) One who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.
>
> (2) Except as stated in Subsection (3), the liability stated in Subsection (1) is limited to loss suffered
>
>> (a) by the person or one of a limited group of persons for whose benefit and guidance he intends to supply the information or knows that the recipient intends to supply it; and
>>
>> (b) through reliance upon it in a transaction that he intends the information to influence or knows that the recipient so intends or in a substantially similar transaction.
>
> (3) The liability of one who is under a public duty to give the information extends to loss suffered by any of the class of persons for whose benefit the duty is created, in any of the transactions in which it is intended to protect

them.

In *Kentucky Farm Bureau Mutual Insurance, Company v. Blevins*, 268 S.W.3d 368, 372 (Ky. App. 2008), this Court focused on the phrase, "for the guidance of others in their business transactions" in Subsection (1). Based on this language, the Court held that private sale of residential property from one set of homeowners to another is not the type of transaction covered by the tort of negligent misrepresentation as set forth in Section 552. *Id.* at 373. The Rebers take issue with this interpretation, noting that Section 552(3) extends liability to a "person who is under a public duty to give the information." However, *Blevins* remains the controlling authority concerning the scope of Section 552.

The Rebers also point to *Waldridge v. Homeservices of Kentucky, Inc.*, 384 S.W.3d 165 (Ky. App. 2011), as imposing liability on a real estate agent for failure to disclose known defects in listed property. However, *Waldridge* is clearly distinguishable, as it was based upon claims for fraudulent misrepresentation and breach of fiduciary duties, not claims for negligent misrepresentation under Section 552. *Id.* at 171. Therefore, we must agree with the trial court that summary judgment was appropriate on the Rebers' claims for negligent misrepresentation.

## V. Fraud and Fraudulent Misrepresentation

Under Kentucky law, a party claiming harm "must establish six elements of fraud by clear and convincing evidence as follows: a) material representation b) which is false c) known to be false or made recklessly d) made with inducement to be acted upon e) acted in reliance thereon and f) causing injury." *United Parcel Service Co. v. Rickert*, 996 S.W.2d 464, 468 (Ky. 1999). As previously noted, there is a genuine issue of material fact whether the installation of the piers constituted a repair to the foundation. However, the trial court concluded that the Rebers could not prove that the representation was false at the time it was made because they had no expert testimony so showing. For similar reasons, the trial court found that the Rebers could not prove that their claimed injury was caused by the failure to disclose the piers. Finally, the trial court also found that the Rebers had not shown reliance on the representation because they hired their own expert to inspect the property prior to the closing. Under the circumstances presented in this case, we agree with the trial court's analysis.

As previously discussed, expert testimony is typically required to establish both breach of a duty and causation of damages. The Rebers contend that expert testimony was not required to establish that the statement was false because Walls had previously disclosed the piers as a repair in her first Seller's Disclosure

Statement. But even if there is a genuine issue of material fact on this issue, the Rebers presented no expert testimony that their claimed damages were caused by the failure to disclose the installation of the piers. As noted, there was no testimony that the leak was caused by the installation of the piers or that the fair market value of the property was reduced as a result. Likewise, there was no testimony supporting the Rebers' claim for rescission of the contract. Therefore, the trial court properly found that the Rebers failed to establish an essential element of their claim for fraudulent misrepresentation.

On the reliance issue, the trial court found the analysis in *Ross v. Powell*, 206 S.W.3d 327 (Ky. 2006), to be controlling. In that case, the sellers of a home disclosed the existence of prior termite damage but failed to disclose the extent of the damage or the treatments. However, the buyers paid for an independent whole house inspection and a separate specialized professional termite inspection prior to the closing. The buyers also admitted they had carefully examined the premises and had relied completely on their own judgment and the judgment of their inspectors. *Id.* at 331. Consequently, the Supreme Court found that the buyers could not establish their reliance on the seller's statements. *Id.*

The Rebers argue that *Ross* is distinguishable because the repairs to the foundation were latent and were actively concealed by Walls and Green. We agree with the Rebers that their hiring of an independent home inspector would not

preclude a finding that they relied on the representations in the Seller's Disclosure

Form. In *Ross*, the inspection report obtained by the buyers revealed the existence

of prior insect damage. In contrast, the inspection report obtained by the Rebers

did not identify the existence of the piers or any foundation damages. But since

the Rebers failed to establish other essential elements of fraudulent

misrepresentation, the trial court's holding on this issue did not affect the outcome

of the motion for summary judgment. And in the absence of any viable claims for

negligence or fraud, the trial court properly dismissed the Rebers' claims for

punitive damages.

## VI. Breach of Sales and Purchase Contract

The Rebers next argue that the trial court erred by dismissing their

claims for breach of the Sales and Purchase Contract because Walls' failure to

disclose the installation of the piers constitutes a breach of the contractual duty to

disclose repairs. Walls and Green argue that the purchase contract merged with the

deed upon delivery and acceptance of the deed. *Harrodsburg Indus. Warehousing

v. MIGS, LLC*, 182 S.W.3d 529, 532 (Ky. App. 2005). However, that case also

makes it clear that fraud claims are not merged into the deed. *Id.* (citing 77 Am.

Jur. 2d *Vendor and Purchaser* § 286 (1997)).

But as the trial court noted, the essence of the claim is that the failure

to disclose the installation of the piers to buttress the structures' stability

constitutes a repair as contemplated by the contract and thus a breach. The trial court found that the Rebers failed to produce any evidence that the piers were actually a repair to the property subject to disclosure. There was no evidence of any prior leaks or damage to the foundation. At most, Walls had observed sticking doors. Other than Walls' assumption, there was no evidence that the sticking doors were caused by a settling foundation. Thus, the Rebers failed to establish that Walls violated any specific contractual duty or general duty of good faith and fair dealing.

## VII. Consumer Protection Act Claim

Finally, the Rebers argue that the trial court erred in dismissing their KCPA claim against Green. The Rebers note that the Act only protects "[a]ny person who purchases or leases goods or services primarily for personal, family or household purposes . . . ." KRS 367.220. As a result, the Rebers concede that Walls is not subject to liability under the KCPA. On the other hand, the Rebers maintain that Green was providing a service, and that his actions may be the basis for a violation of the KCPA.

However, there is no authority holding that the KCPA is applicable to real estate transactions. *Craig v. Keene*, 32 S.W.3d 90, 91 (Ky. App. 2000). Furthermore, the language of KRS 367.170 only contemplates an action by a purchaser of goods or services against his or her immediate seller. *Potter v. Bruce*

*Walters Ford Sales, Inc.*, 37 S.W.3d 210, 213 (Ky. App. 2000) (citing *Skilcraft Sheetmetal v. Kentucky Machinery, Inc.*, 836 S.W.2d 907, 909 (Ky. App. 1992)). In the absence of privity of contract between the Rebers and Green, the trial court properly granted summary judgment on their CPA claims.

**VIII.  Conclusion**

Based on the foregoing, we conclude that the trial court properly granted summary judgment on the Rebers' claims against Walls and Green. Therefore, we affirm the judgment of the Scott Circuit Court.

ALL CONCUR.

| BRIEFS FOR APPELLANTS: | BRIEF FOR APPELLEE JEFF GREEN: |
|---|---|
| Matthew S. Goeing<br>Lexington, Kentucky | Virginia L. Lawson<br>Zachary C. Webster<br>Lexington, Kentucky |