RENDERED:  AUGUST 9, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0935-MR

JUDY F. SMITH                                                                          APPELLANT

APPEAL FROM GREENUP CIRCUIT COURT
v.        HONORABLE BRIAN CHRISTOPHER MCCLOUD, JUDGE
ACTION NO. 20-CI-00443

KURT F. JAENICKE, M.D.                                                             APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Judy F. Smith ("Smith") appeals the Greenup Circuit Court's order granting summary judgment in favor of Dr. Kurt F. Jaenicke ("Dr. Jaenicke") in a medical malpractice case.  The circuit court determined that Smith had failed to present expert testimony supporting her allegation that she suffered an injury caused by negligence on the part of Dr. Jaenicke.  Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 3, 2019, Dr. Jaenicke performed surgery on Smith to repair a pelvic organ prolapse. During the procedure, Dr. Jaenicke discovered one or more "large[,] prolapsed hemorrhoid[s]" and performed a hemorrhoidectomy for their removal.

Thereafter, on November 10, 2020, Smith filed a complaint in the circuit court. In her complaint, Smith alleged that Dr. Jaenicke owed her a duty to obtain her informed consent before performing the hemorrhoidectomy.[1] She further alleged that "as the direct and proximate result of the unauthorized and negligently performed hemorrhoidectomy and/or anal surgery, [Smith] sustained anal stenosis, scarring and was otherwise seriously and permanently injured and damaged." Finally, Smith further contended that she had incurred and would incur medical expenses, lost wages, and earning capacity in the future, and had suffered extreme pain, suffering, and mental anguish.

The litigation in this matter proceeded, and on May 15, 2023 – after the period for naming expert witnesses had passed – Dr. Jaenicke filed a motion for summary judgment on the basis that none of Smith's identified experts would offer

---

[1] In its order, the circuit court did not discuss or rule on informed consent as it related to any breach of the standard of care in this case. Further, Smith specifically indicates in her brief that the appeal "centers solely on the proof of causation[,] i.e., whether medical expert testimony is needed to establish that the hemorrhoidectomy caused injury to [Smith]."

testimony supporting her claims that the hemorrhoidectomy caused her alleged injuries at issue in the case.

Smith opposed the motion for summary judgment, contending that Dr. Jaenicke had testified at his deposition that hemorrhoidectomies are painful and hurt. Smith further argued that another of her treating physicians, Dr. Jon Hourigan, had testified and documented that he performed a surgical evaluation and that Smith had sustained a condition similar to anal stenosis with anal scarring secondary to the hemorrhoidectomy. As a result, Smith contended that the circuit court should not grant summary judgment.

On July 14, 2023, the circuit court granted summary judgment to Dr. Jaenicke, finding that Smith failed to present expert testimony supporting her allegations that she suffered any injury caused by Dr. Jaenicke's negligence. Thus, no genuine issue of material fact existed regarding two essential elements of Smith's negligence claim; causation and damages. This appeal followed.

We will discuss further facts as they become relevant.

**ANALYSIS**

**1. Standard of Review**

Kentucky Rule of Civil Procedure ("CR") 56.03 authorizes a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). "If the litigants are given an opportunity to present evidence which reveals the existence of disputed material facts and upon the trial court's determination that there are no such disputed facts, summary judgment is appropriate." *Ross v. Powell*, 206 S.W.3d 327, 330 (Ky. 2006). Further, "[w]hether summary judgment is appropriate is a legal question involving no factual findings, so the trial court's grant of summary judgment is reviewed *de novo*." *McKinley v. Circle K*, 435 S.W.3d 77, 79 (Ky. App. 2014) (citation omitted).

**2. Discussion**

On appeal, Smith first argues that she did not need expert testimony to prove the hemorrhoidectomy caused her injuries. Specifically, she claims it is within the "common knowledge and experience of laymen . . . to recognize and infer that Dr. Jaenicke caused bodily harm by cauterizing Judy Smith's flesh and making surgical cuts to her body[.]"

As a starting point for our analysis of Smith's claims, "[i]t is elementary for all tort cases that the plaintiff must establish a duty, breach thereof,

causation, and injury." *Saint Elizabeth Medical Center, Inc. v. Arnsperger*, 686 S.W.3d 132, 138 (Ky. 2024). Moreover, as discussed by a panel of this Court, "[i]t is well established that in a medical malpractice case, the burden of proof is upon the plaintiff to establish the negligence of a physician by medical or expert testimony." *Nalley v. Banis*, 240 S.W.3d 658, 660-61 (Ky. App. 2007) (citation omitted). Indeed, expert testimony is "essential" in establishing a defendant deviated from the standard of care and caused some injury to the plaintiff. *Blankenship v. Collier*, 302 S.W.3d 665, 671 (Ky. 2010).

In some situations, Kentucky courts have recognized an exception to the preceding requirement and have permitted the inference of negligence even in the absence of expert testimony. *Arnsperger*, 686 S.W.3d at 138. In *Arnsperger*, the Kentucky Supreme Court noted:

> That a medical malpractice case may, in certain circumstances, proceed to trial without expert medical testimony when duty, breach, causation, and injury are readily apparent within the common knowledge of a jury has been frequently described as the "layman's exception" in this case, but that term is a bit of a misnomer. The "layman's exception" is in fact nothing other than the application of *res ipsa loquitur* – the thing speaks for itself.

*Id.* (citations omitted).

In this case, Dr. Jaenicke argues that Smith did not preserve her *res ipsa loquitur* argument on appeal because she never raised it in a timely manner

before the circuit court. Moreover, "[i]t is axiomatic that a party may not raise an issue for the first time on appeal." *Sunrise Children's Services, Inc. v. Kentucky Unemployment Insurance Commission*, 515 S.W.3d 186, 192 (Ky. App. 2016) (citations omitted). In other words, "it is the accepted rule that a question of law which is not presented to or passed upon by the trial court cannot be raised here for the first time." *Hutchings v. Louisville Trust Co.*, 276 S.W.2d 461, 466 (Ky. 1954) (citation omitted).

In this case, we agree with Dr. Jaenicke that Smith did not adequately preserve the *res ipsa loquitur* argument she raised on appeal. Our examination of the record reveals that this is the first time Smith has argued that she was not required to present medical expert testimony based on a *res ipsa loquitur* theory. Therefore, we will not discuss this new theory on appeal.

Smith next argues that the alleged injuries that she claims were caused by the hemorrhoidectomy were substantiated by Dr. Jaenicke's testimony and qualified as admissions to negligence. If a defendant physician "makes certain admissions that make his negligence apparent[,]" a plaintiff would not have to present expert testimony. *Blankenship*, 302 S.W.3d at 670.

However, we disagree that any of Dr. Jaenicke's statements throughout the litigation could be characterized as "admissions that make his negligence apparent." *Id*. While Dr. Jaenicke made general statements regarding

-6-

the risks and complications of a hemorrhoidectomy, including a discussion about how a hemorrhoidectomy can be a painful procedure, Dr. Jaenicke never admitted that the hemorrhoidectomy or any negligent performance on his part caused Smith's post-operative complaints.

Indeed, Smith had a complete pelvic organ prolapse before her surgery, a history of constipation, and been diagnosed with a urinary tract infection post-operatively. In other words, there were multiple reasons why she may have been experiencing post-operative pain and bleeding. Dr. Jaenicke's deposition testimony cannot be read to be an admission that the hemorrhoidectomy was the cause of her post-operative or current complaints.

Finally, Smith argues that the medical records and testimony of Dr. Jon Stuart Hourigan further substantiated her injuries from the hemorrhoidectomy. Smith had begun treatment with Dr. Hourigan in July 2020 due to complaints of constipation, occasional incontinence, and anal pain. Dr. Hourigan evaluated Smith under anesthesia and anal dilation, noting the following:

> Overall, clinical complaints do not seem to be consistent with physical examination and operative findings during evaluation under anesthesia demonstrate minimal if any explanation for perianal pain. I cannot clearly determine why there is some degree of hypo sensitivity along the left perianal skin and increased sensitivity within the anal canal. Hemorrhoidectomy site, apparent by surgical scar, seems to be ordinary in appearance. Anal rectal tone is present.

Dr. Hourigan was deposed in January 2023. At that time, he testified that he did not intend to give an opinion in this case regarding whether any of Smith's claimed injuries or complaints were related to the hemorrhoid surgery.

Regarding Dr. Hourigan's evidence, his notes and deposition testimony demonstrate that he offered no opinions regarding whether Dr. Jaenicke caused injury to Smith when performing the hemorrhoidectomy. Instead, he affirmatively ruled out anal stenosis after performing the evaluation under anesthesia, documenting in his post-surgical notes that the "superficial scar" seen during the evaluation "should **not** be interpreted as post[-]hemorrhoidectomy anal stenosis." (Emphasis added.) Indeed, his "findings during evaluation under anesthesia demonstrate minimal if any explanation for perianal pain." Finally, he conclusively stated in his deposition testimony that he did not intend to give an opinion regarding whether any of Smith's claimed injuries or complaints were related to the hemorrhoid surgery, and he did not otherwise connect any of Smith's complaints to the hemorrhoidectomy performed by Dr. Jaenicke.

Thus, without supportive expert testimony establishing the causation and damages portions of this medical malpractice action, there was no genuine issue upon which relief may be granted, and summary judgment was appropriate.

## CONCLUSION

For the foregoing reasons, we affirm the Greenup Circuit Court's order granting summary judgment in Dr. Jaenicke's favor.

ALL CONCUR.

BRIEF FOR APPELLANT:

Bert Ketchum
Michael C. Walker
Huntington, West Virginia

BRIEF FOR APPELLEE:

C. Jessica Pratt
Cincinnati, Ohio