## Hackney v. Fordson Coal Company.

(Decided June 21, 1929.)

J. C. CANTRELL and G. R. BLACKBURN for appellant.

HARMAN, FRANCIS & HOBSON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

A demurrer having been sustained to the petition of the appellant, who was the plaintiff below, and he having declined to plead further, the court dismissed his petition, and from that judgment he appeals.

By his petition the appellant substantially averred that he was running a general store in Pike county near the mines of the appellee; that he was in no wise con-

nected with the appellee, but on the contrary was in substantial competition with the appellee's commissary for the trade and custom of the appellee's employees; that he had enjoyed a large and lucrative trade among these employees; that on September 1, 1927, the appellee, which had theretofore been paying its employees in cash, posted a notice in which it stated that for the convenience of its employees it would thereafter issue scrip up to an amount not exceeding 70 per cent. of each employee's earnings. The notice concluded thus: "Any employee passing scrip to an outsider, so that it will require the company to redeem the same, will be discharged."

Appellant further averred that after this notice was posted the employees of the appellee no longer traded with him, as they drew scrip and they were afraid of being discharged if they used their scrip in dealing with any store other than those maintained by the appellee, and that by reason of this loss of trade he had been damaged in the sum of $3,000. Appellant pitched his claim on sections 2738s1 and 466 of the Kentucky Statutes, which read:

"Sec. 2738s1. It shall be unlawful for any person or persons, association, company or corporation employing others, as described in section 1, either directly or indirectly, to coerce or require any such servant or employee to deal with or purchase any article of food, clothing or merchandise of any kind whatever, from any person, association, corporation or company, or at any place or store whatever. And it shall be unlawful for any of such employers as described in the first section to exclude from work, or to punish or blacklist any of said employees for failure to deal with any other or to purchase any article of food, clothing or merchandise whatever from any other or at any place or store whatever."

"Sec. 466. A person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed."

Appellee makes some contention that section 2738s1, supra, has been repealed by section 4758b1, which is chapter 71 of the Acts of 1924. Without passing on that

question, we are of opinion that the lower court properly sustained the demurrer of the appellee to the appellant's petition, because, although by section 466 a right of action is given to any person who is damaged or injured by the violation of a statute, yet this section is confined to those persons for whose benefit the statute, the violation of which has given rise to complaint, was passed.

Section 466 of the Statutes was passed to remove any doubt that might arise as to the right of a person for whose protection a statute was passed to recover for a violation of that statute, where the statute was penal in its nature, or where by its terms the statute did not prescribe the remedy for its enforcement or violation. It is settled that "a duty created by the statute is also measured by the statute, and will not be extended beyond the terms of the act, and the right of action exists only in favor of those for whose benefit the duty is imposed." 1 C. J. 952. In Lepard v. Michigan Central R. Co., 166 Mich. 373, 130 N. W. 668, 40 L. R. A. (N. S.) 1105, the court said: "It is a well-established principle that the violation of a statutory duty is the foundation of an action in favor of such persons only as belong to the class intended by the Legislature to be protected by such statute." In 40 L. R. A. (N. S.) 1105, may be found a note collecting some of the authorities supporting this principle.

Section 466 of our Statutes was not intended to overturn this principle, but only to make certain that those for whose benefit a statute was passed should have a cause of action for any damages they sustained by its violation. Section 2738s1, supra, was passed for the benefit of employees, to the end that they should not be coerced into trading at the commissary of their employer, where they might be subject to extortion and all manner of unfair dealing. The section was never intended to protect those merchants who were in competition with the employer for the trade of his employees. Therefore, although an employee of the appellee may have a right of action for the violation of this statute, if it has been violated, a point we need not determine, yet, as the appellant was not an employee, or one for whose benefit the statute was passed, he has no cause of action for its violation.

An examination of the authorities cited by the appellant discloses that in each instance the statute, whose

violation was in question, was held or assumed, without discussion, to have been passed for the benefit of those who were seeking to recover for its violation. Illustrative of the former category of cases are Illinois Central R. Co. v. McIntosh, 118 Ky. 145, 80 S. W. 496, 81 S. W. 270, 26 Ky. Law Rep. 14, 347; Louisville & N. R. Co. v. Haggard, 161 Ky. 317, 170 S. W. 956.

The judgment of the lower court being in accord with these views, it is affirmed.