**SKILCRAFT SHEETMETAL, INC., and Richard Anderson, Appellants,**

v.

**KENTUCKY MACHINERY, INC., Appellee.**

**No. 91–CA–862–MR.**

Court of Appeals of Kentucky.

July 24, 1992.

Petition for Rehearing Dismissed Oct. 1, 1992.

---

Denise H. McClelland, Frost & Jacobs, Lexington, for appellants.

Elizabeth Lee Thompson, Mapother & Mapother, Lexington, for appellee.

Before GUDGEL, HOWERTON and WILHOIT, JJ.

WILHOIT, Judge.

This appeal is from an opinion, order, and summary judgment which awarded the appellee Kentucky Machinery, Inc., $19,-148.54 as the amount due for parts ordered by the appellant Skilcraft Sheetmetal, Inc.,

prejudgment interest, and attorney fees of $2,872.28. The final order also dismissed the counterclaim filed by the appellant Richard Anderson which asserted claims of negligence and strict liability and alleged violations by the appellee of the Consumer Protection Act and of KRS 517.020 which deals with deceptive business practices.

Mr. Anderson purchased a used Fiat–Allis FR–30 wheel loader "as is" from Mr. Wendell Elza, d/b/a Ruby Coal Company, in April 1988. Ruby Coal Company had purchased the loader new from the appellee in December 1984. The sale invoice dated December 28, 1984, showed that the loader had a price of $230,000. After a trade-in allowance, Ruby Coal paid Kentucky Machinery $109,000 for the loader. In June 1986, while the loader was owned by Ruby Coal and still under warranty, the appellee repaired the transmission. Mr. Elza disclaimed all warranties when he sold the loader to Anderson for $30,000 in April 1988. Shortly after the purchase, the transmission failed and Anderson was required to make extensive repairs.

The repair work done by the appellee prior to the time Anderson purchased the loader forms the basis for the claims asserted by the appellants. The appellants claim the appellee installed a transmission which was not a Fiat–Allis transmission and was not a suitable replacement. Anderson purchased replacement parts from the appellee through his personal account at Skilcraft Sheetmetal. The appellee initiated the litigation against Skilcraft Sheetmetal to collect on the past-due account. Anderson was permitted to intervene and file a counterclaim.

Anderson had no avenue of redress against Elza for the condition of the loader; an "as is" disclaimer alerts a buyer that he assumes the risk as to the quality of goods involved in the sale. KRS 355.2–316(a), Commentary (1983). Anderson interposed the claims asserted in his counterclaim as a defense to payment for the parts ordered to repair the transmission. The appellants contend that summary judgment was inappropriate because genuine issues of material fact exist. The appellants fail to demon-

strate in their brief how the issues raised on appeal were preserved for appellate review, *see* CR 76.12(4)(c)(iv), and we limit ourselves to those issues which were presented in the circuit court.

 The appellants assert that the appellee violated the Consumer Protection Act, specifically KRS 367.170(1), which states that "unfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." The appellants contend that because of the appellee's installation of an allegedly improper and inferior transmission, Anderson did not buy from Elza what he believed to be an FR–30 loader.[1] A question of first impression in this jurisdiction is whether KRS 367.220, which provides a private right of action under the Consumer Protection Act, allows an action by a person who has not purchased or leased goods or services from the person he claims to have violated the Act. The Consumer Protection Act is remedial legislation enacted to give consumers broad protection from illegal acts. *Stevens v. Motorists Mut. Ins. Co.*, Ky., 759 S.W.2d 819, 821 (1988). To maintain an action alleging a violation of the Act, however, an individual must fit within the protected class of persons defined in KRS 367.220. This statute provides in pertinent part as follows:

> *Action for recovery of money or property—When action may be brought*—(1) Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.-170, may bring an action under the Rules of Civil Procedure in the circuit court in which the seller or lessor resides or has his principal place of business or is doing business, or in the circuit court in which the purchaser or lessee of goods or services resides, or where the transaction in

question occurred, to recover actual damages.

From our reading this statute as a whole, we conclude a subsequent purchaser may not maintain an action against a seller with whom he did not deal or who made no warranty for the benefit of the subsequent purchaser. The language of the statute plainly contemplates an action by a purchaser against his immediate seller. This is abundantly clear from its venue provision which states the action may be filed "in the circuit court in which the seller or lessor resides or has his principal place of business." Further evidence of legislative intent is found in KRS 367.220(5), which provides that an action under the statute must be brought "within one (1) year after any action of the attorney general has been terminated or within two (2) years after the violation of KRS 367.170, whichever is later." This would seem to show a lack of concern for a subsequent purchaser who would often purchase used merchandise more than two years after the violation, as indeed was the case here. The legislature intended that privity of contract exist between the parties in a suit alleging a violation of the Consumer Protection Act. We find distinguishable situations such as that presented in *Ford Motor Co. v. Mayes*, Ky.App., 575 S.W.2d 480 (1978), where the defendant (Ford Motor Company) provides warranties to the ultimate purchaser to repair the item purchased.

The legislature had the option of enacting a statute which allows persons other than purchasers with privity of contract to bring an action under the Consumer Protection Act. For example, the current statute in Massachusetts provides a cause of action to "[a]ny person ... *who has been injured* by another person's use or employment of any method, act or practice declared to be unlawful...." *See Maillet v. ATF–Davidson Co., Inc.*, 407 Mass. 185, 552 N.E.2d 95, 98–99 (1990) (emphasis added). Prior to the 1979 amendment of the Massachusetts statute, it stated that "any person who purchases or leases goods ...

---

1. We specifically do not consider whether the appellee's repair of the transmission while under warranty constituted a violation of the Con-

sumer Protection Act or of KRS 517.020, only whether the appellants have standing to allege such a violation.

and thereby suffers any loss ... as a result of the use or employment by another person of an unfair or deceptive act ... may, as hereinafter provided, bring an action in the superior court...." Mass.Gen.L. ch. 93A, § 9 (1973). This language was interpreted to require privity between the person alleging a deceptive trade practice and the defendant. *Maillet*, 552 N.E.2d at 99; *Dodd v. Commercial Union Insurance Co.*, 373 Mass. 72, 365 N.E.2d 802, 807 (1977). The Texas Practice Act provides a cause of action to "an individual, partnership, corporation ... who seeks or acquires by purchase or lease, any goods and services" who has been adversely affected by "the use or employment by any person of a false, misleading, or deceptive act or practice...." Tex. [Bus. & Com.] Code Ann. §§ 17.45(4) and 17.50(a)(1) (Vernon 1992). The Texas statutes have been interpreted to not require privity between the person alleging a violation of Deception Trade Practice Act and the defendant. *See Cameron v. Terrell & Garrett, Inc.*, Tex., 618 S.W.2d 535 (1981). Because the appellants lack standing to bring an action against the appellee alleging a violation of the Consumer Protection Act, we need not reach the issue of whether Anderson purchased the loader "primarily for personal, family or household use."

Anderson alleged in his counterclaim a violation of KRS 517.020 which states that a person is guilty of deceptive business practice when he knowingly "[s]ells, offers or exposes for sale adulterated commodities; or ... mislabeled commodities." KRS 446.070 provides a cause of action to a person injured by a violation of a statute which is penal in nature or which does not prescribe the remedy for its enforcement or violation. *Hackney v. Fordson Coal Co.*, 230 Ky. 362, 19 S.W.2d 989, 990 (1929). The cause of action exists only for those persons who belong to the class intended to be protected by the statute. *Id.; State Farm Mut. Auto. Ins. Co. v. Reeder*, Ky., 763 S.W.2d 116, 118 (1988). The repair work which forms the basis for

the complaint was not done at the request of Anderson. The appellee did not "sell, offer, or expose for sale adulterated or mislabeled commodities" to Anderson. Anderson is not a member of the class of persons intended to be protected by KRS 517.020; therefore, KRS 446.070 affords him no private right of action under the deceptive business practices statute.

Anderson bases his negligence claim on the appellee's alleged violation of the Consumer Protection Act and the deceptive business practices statute. Since we have held that these statutes were intended to protect Ruby Coal and not a subsequent purchaser such as Anderson, no negligence cause of action can be maintained by the appellants. *See Penco, Inc. v. Detrex Chemical Industries, Inc.*, Ky.App., 672 S.W.2d 948 (1984).

The appellants assert the circuit court erroneously allowed prejudgment interest of 18 percent on the amount of the judgment and attorney fees, and that a set-off for exchanges was due. The appellants have failed to show how these issues were preserved for appellate review, *see* CR 76.12(4)(c)(iv); additionally, the appellee's attorney was not joined as a party to the appeal. *See Franklin County Fiscal Court v. Stewart*, Ky.App., 757 S.W.2d 194 (1988). From a review of the record, it appears that the appellants did not present these arguments to the circuit court, and we will not consider the issues on appeal. *See Kentucky Milk Marketing and Antimonopoly Com'n v. Kroger Co.*, Ky., 691 S.W.2d 893, 901 (1985).

The circuit court judgment is affirmed.

All concur.