William D. POTTER, Appellant,

v.

BRUCE WALTERS FORD SALES, INC.; Bonnie Hall; and Krissy Fannin, Appellees.

No. 1999–CA–000621–MR.

Court of Appeals of Kentucky.

April 21, 2000.

Rehearing Denied July 20, 2000.

Discretionary Review Denied Feb. 14, 2001.

Case Ordered Published by Supreme Court Feb. 14, 2001.

Sam H. Whitehead, Lexington, KY, Brief for Appellant.

William J. Baird, III, Pikeville, KY, Brief for Bruce Walters Ford Sales, Inc.

Donald Wayne Taylor, Jr., Prestonsburg, KY, Brief for Bonnie Hall and Krissy Fannin.

Before GUDGEL, Chief Judge; KNOPF and McANULTY, Judges.

GUDGEL, Chief Judge:

This is an appeal from orders entered by the Floyd Circuit Court granting partial summary judgments in an action arising out of a motor vehicle transaction. For the reasons stated hereafter, we affirm in part, and reverse and remand in part.

Appellant purchased a used motor vehicle from appellee Bruce Walters Ford Sales, Inc. (Walters) in September 1995. The vehicle, which Walters purchased from appellees Bonnie Hall and/or Krissy Fannin, was under warranty and had an odometer reading of 4356 miles. Before making the purchase, appellant's wife spoke by telephone with Hall's husband, who allegedly indicated that the vehicle had never been wrecked. Walters allegedly made similar statements regarding the vehicle's history.

Several months later, in the course of making other repairs, appellant learned that the vehicle had been wrecked while in Hall and Fannin's possession. It is undisputed that an insurance company paid some $7,200 to repair the vehicle. After reexamining the vehicle, Walters acknowledged that it had been wrecked but denied having any prior knowledge of this fact.

Appellant and Walters were unable to reach a mutually satisfactory resolution of their dispute. Appellant then filed this action in the circuit court, alleging that Walters breached express and implied warranties, and violated KRS 186A.540, the Consumer Protection Act, and the Magnuson-Moss Warranty Act. Appellant's complaint was subsequently amended to add Hall and Fannin as parties and to allege similar claims against them. The parties eventually made various motions for summary judgment, and the court entered final orders granting appellees partial summary judgments. This appeal followed.

■ First, appellant contends that the trial court erred by granting a summary judgment in favor of Hall and Fannin regarding the issue of whether KRS 186A.540 applies to them. Appellant argues that the court erred by concluding that the statute does not apply to the sale of personal vehicles by individuals. We agree.

The Kentucky General Assembly enacted KRS 186A.500 through KRS 186A.550 to protect a vehicle purchaser's right "to know if the vehicle has sustained prior severe damage." KRS 186A.500. Consistent with this goal, KRS 186A.540 specifies that:

*An individual or a dealer required to be licensed pursuant to KRS Chapter 190* shall disclose all damages to a motor vehicle which result in repairs or repair estimates that exceed three hundred dollars ($300) and that occur while the motor vehicle is in his possession and prior to delivery to a purchaser. Disclosure shall be in writing and shall require the purchaser's signature acknowledging the disclosure of damages. (Emphasis added.)

Hall and Fannin assert that KRS 186A.540 should be read as applying only to "an individual ... required to be licensed pursuant to KRS Chapter 190," or to "a dealer required to be licensed pursuant to KRS Chapter 190." Thus, they argue that since they were not "required to be licensed pursuant to KRS Chapter 190," they were not obligated to provide the disclosure described in KRS 186A.540. We disagree.

KRS 190.015 describes the public policy concerning the licensure of parties involved in motor vehicle sales:

The Legislature finds and declares that the distribution and sale of vehicles within this state vitally affects the general economy of the state and the public interest and the public welfare, and that in order to promote the public interest and public welfare, and in the exercise of its police power, *it is necessary to regulate and license vehicle manufacturers, distributors or wholesalers, brokers and auctioneers, and factory or distributor representatives, and to regulate and license dealers of vehicles doing business in this state,* in order to prevent frauds, impositions, and other abuses upon its citizens, and to protect and preserve the investments and properties of the citizens of this state. (Emphasis added.)

This statute clearly indicates that KRS Chapter 190 licensure requirements are intended to apply to parties engaged in businesses relating to motor vehicle sales. Moreover, KRS Chapter 190 contains no provisions for licensing individuals. Instead, the categories of those who must be licensed pursuant to KRS 190.030 include only dealers engaged in businesses relating to the sale of motor vehicles, including new and used motor vehicle dealers, motor vehicle leasing dealers, restricted motor vehicle dealers, motorcycle dealers, motor vehicle manufacturers, distributors, auction dealers or wholesalers of motor vehicles, and motor vehicle salesmen. Indeed, even licensed motor vehicle "salesmen" must also be licensed as motor vehicle "dealers." KRS 190.030(1).

■ Thus, the provisions of KRS Chapter 190 clearly do not pertain to the licensure of persons acting as "individuals" rather than as parties engaged in businesses relating to the sale of motor vehicles. It follows that construing KRS 186A.540 as pertaining to individuals "required to be licensed pursuant to KRS Chapter 190" would render that portion of the statute meaningless, in violation of long-established rules favoring the harmonious construction of statutes so that no parts are rendered meaningless or ineffectual. *See, e.g., DeStock # 14, Inc. v. Logsdon,* Ky., 993 S.W.2d 952 (1999); *Commonwealth v. Halsell,* Ky., 934 S.W.2d 552 (1996); *Ledford v. Faulkner,* Ky., 661 S.W.2d 475 (1983). This we decline to do. Instead, we conclude that KRS 186A.540 applies to sales of personal vehicles by unlicensed individuals, as well as to sales of motor vehicles by licensed dealers, and that the trial court erred by granting summary judgment in favor of Hall and Fannin as to the KRS 186A.540 claim asserted against them.

■ The trial court also granted a partial summary judgment to Walters in regard to appellant's KRS 186A.540 claim against it. Although Walters defends that decision on appeal, the issue is not properly before us since appellant did not raise this issue until he filed his reply brief. Moreover, in any event it is clear that the statute does not provide a basis for the claim, since appellant made no allegation that the motor vehicle was damaged while in Walters' possession. *See* KRS 186A.540.

■ Next, appellant contends that the trial court erred by granting a summary judgment in favor of appellees as to the issue of whether they violated the Consumer Protection Act, as set out in KRS 367.110 through KRS 367.360. We affirm insofar as the summary judgment pertains to Hall and Fannin, but we decline to address this issue in regard to Walters

since the summary judgment did not resolve that claim.

KRS 367.170(1) provides that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." KRS 367.220(1) states in pertinent part:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action under the Rules of Civil Procedure in the Circuit Court in which the seller or lessor resides or has his principal place of business or is doing business, or in the Circuit Court in which the purchaser or lessee of goods or services resides, or where the transaction in question occurred, to recover actual damages.

A panel of this court closely examined KRS 367.220(1) in *Skilcraft Sheetmetal, Inc. v. Kentucky Machinery, Inc.*, Ky. App., 836 S.W.2d 907, 909 (1992), and concluded from a reading of the statute as a whole that

> a subsequent purchaser may not maintain an action against a seller with whom he did not deal or who made no warranty for the benefit of the subsequent purchaser. The language of the statute plainly contemplates an action by a purchaser against his immediate seller.

Here, it is undisputed that appellant did not purchase the vehicle from Hall or Fannin. Moreover, there has been no assertion that Hall, Fannin, or anyone on their behalf offered appellant any warranty or guarantee regarding the vehicle. At most, it is alleged that Hall's husband falsely informed appellant's wife that the vehicle had never been wrecked. Under these circumstances, it is clear that no privity of contract existed between appellant and appellees Hall and Fannin, and that the court did not err by granting them a summary judgment as to the consumer protection claim.

■ Finally, appellant argues that he is entitled to judgment in his favor both as to the issue of whether there was a breach of express and implied warranty by Walters, and as to the issue of whether appellees committed fraud in regard to the vehicle's condition. However, because the trial court did not address these issues, they are not properly before us on appeal.

For the reasons stated, the court's orders granting partial summary judgments are affirmed in part, and reversed and remanded in part, for further proceedings consistent with the views expressed in this opinion.

ALL CONCUR.