RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0019p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA ex rel. ANDREW HIRT,

*Relator-Appellant,*

*v.*

WALGREEN COMPANY,

*Defendant-Appellee.*

No. 16-6232

Appeal from the United States District Court for
the Middle District of Tennessee at Nashville.
No. 3:13-cv-00870—William J. Haynes Jr., District Judge.

Decided and Filed:  January 25, 2017

Before:  SUHRHEINRICH, SUTTON, and MCKEAGUE, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:**  G. Kline Preston IV, KLINE PRESTON LAW GROUP, P.C., Nashville, Tennessee, for Appellant.  Frederick Robinson, NORTON ROSE FULBRIGHT US LLP, Washington, D.C., for Appellee.

_____

### OPINION

_____

SUTTON, Circuit Judge.  Andrew Hirt, owner of Andy's Pharmacies, alleges that Walgreen Company distributed kickbacks to Medicare and Medicaid recipients when they transferred their prescriptions to Walgreens.  By sending these fraudulent insurance claims to the government, Hirt maintains that Walgreens violated the False Claims Act, and he filed this *qui tam* claim as a result.  The district court rejected Hirt's claim as a matter of law.  Because Hirt failed to state his claim with particularity, as Civil Rule 9(b) requires, we affirm.

Hirt owns two pharmacies, one of which is located in Cookeville, Tennessee. His Cookeville pharmacy competes with a Walgreens in the area. Between November 19, 2012 and August 25, 2014, Hirt alleges that the Willow Walgreens offered $25 gift cards to lure his customers to Walgreens in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b), and that Walgreens submitted the resulting prescription-drug claims by Medicare and Medicaid recipients to the government in violation of the False Claims Act, 31 U.S.C. § 3729.

Hirt filed this *qui tam* action under the whistleblower provision of the False Claims Act on behalf of himself and the United States. The government declined to intervene in the action, and Walgreens moved to dismiss it. The district court granted the motion, holding (among other things) that Hirt failed to state his claims with sufficient particularity under Civil Rule 9(b).

The False Claims Act imposes civil liability for "knowingly present[ing] . . . a false or fraudulent claim" to the government "for payment or approval." 31 U.S.C. § 3729(a)–(b). The statute provides for public enforcement and private (*qui tam*) lawsuits. *Id.* § 3730(b). At the same time that the statute encourages whistleblowers, it discourages "opportunistic" plaintiffs who "merely feed off a previous disclosure of fraud." *U.S. ex rel. Poteet v. Medtronic, Inc.*, 552 F.3d 503, 507 (6th Cir. 2009). For that reason, individual plaintiffs cannot bring *qui tam* complaints based upon information already in the public domain. *See* 31 U.S.C. § 3730(e)(4). But if they can show that they are an original source of the information—someone "who has knowledge that is independent of and materially adds" to the prior public disclosure—the public-disclosure bar does not apply. *Id.*; *see U.S. ex rel. Advocates for Basic Legal Equal., Inc. v. U.S. Bank, N.A.*, 816 F.3d 428, 430 (6th Cir. 2016).

In addition to satisfying the False Claims Act's requirements, *qui tam* plaintiffs must meet the heightened pleading standards of Civil Rule 9(b). *U.S. ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir. 2007). In all averments of "fraud or mistake," the plaintiff must state with "particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). The identification of at least one false claim with specificity is "an indispensable element of a complaint that alleges a [False Claims Act] violation in compliance with Rule 9(b)." *Bledsoe*, 501 F.3d at 504. Adherence to this requirement not only respects Civil Rule 9(b), but it also helps in determining whether the public-disclosure bar applies.

Hirt has not met this standard.  His complaint does not identify a single false claim. He describes the unlawful distribution of gift cards in general but not the submission of any claims obtained with those gift cards.  All that Hirt says is that "his [Medicaid and Medicare] customers accepted the $25.00 gift cards to move their business to (Willow) Walgreens in Cookeville during the period November 19, 2012 through August 25, 2014," and that Walgreens "induce[d] . . . false or fraudulent claims to the United States Government for the payment of pharmaceuticals."  R. 29 at 5, 9.  But he does not identify any false claim arising from any of those (allegedly) induced customers.  He does not tell us the names of any such customers or their initials.  He does not tell us the dates on which they filled prescriptions at Walgreens. He does not tell us the dates on which Walgreens filed the reimbursement claims with the government.   He does not, indeed, even say that these unnamed customers filled any prescriptions at Walgreens at all, let alone that Walgreens processed them and filed reimbursement claims with the government.  We are left to infer these essential elements from the fact that Hirt's customers moved their business from his pharmacies.  But inferences and implications are not what Civil Rule 9(b) requires.  It demands specifics—at least if the claimant wishes to raise allegations of fraud against someone.

Relying on an unpublished decision from the Eleventh Circuit, we raised the possibility in 2007 of "relaxing" the requirement that a plaintiff identify at least one false claim with particularity if that plaintiff, through no fault of his own, "cannot allege the specifics of actual false claims that in all likelihood exist." *Bledsoe*, 501 F.3d at 504 n.12.  But we did not resolve the point, ultimately "express[ing] no opinion as to the contours or existence of any such exception." *Id.*  In two later decisions, we repeated the "relax" language. *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 471 (6th Cir. 2011); *U.S. ex rel. Prather v. Brookdale Senior Living Comtys., Inc.*, 838 F.3d 750, 769 (6th Cir. 2016).  The Eleventh Circuit's use of the word "relax," and our repetition of it in later cases, runs the risk of misleading lawyers and their clients.  We have no more authority to "relax" the pleading standard established by Civil Rule 9(b) than we do to increase it.  Only by following the highly reticulated procedures laid out in the Rules Enabling Act can anyone modify the Civil Rules, whether in the direction of relaxing them or tightening them.  *See* 28 U.S.C. §§ 2071–2077.  To the extent the words of Civil Rule 9(b) need

elaboration, and it's not obvious that they do, the most that can be said is that "particular" allegations of fraud may demand different things in different contexts.

In practice, we have applied the "relax[ed]" standard just once, and that application has no purchasing power here. *See Prather*, 838 F.3d at 769. Prather's allegations satisfied the particularity requirement because she had sufficient personal knowledge of the defendant's claims submission and billing processes. Her job required her to review the company's Medicare claims documentation to ensure compliance with state and federal insurance guidelines. *Id.* at 770. This review took place, according to Prather, for the sole purpose of submitting the claims to Medicare. Compl. at 18, *id.* (No. 15-6377). After her review, Prather would deliver the claims documents to the billing department, whose job it was to submit the claims for payment. *Id.* at 19. In context, that set of pleading statements sufficed to establish with particularity that the defendant "submitted a claim for payment,"—as it described when, where, and how the defendant submitted the claim. *See U.S. ex rel. Marlar v. BWXT Y-12, LLC*, 525 F.3d 439, 445 (6th Cir. 2008); *Chesbrough*, 655 F.3d at 470.

Hirt offers no equivalent basis for satisfying the particularity requirement here. The reason is straightforward. Unlike Prather, Hirt failed to provide the factual predicates necessary to convince us that "actual false claims" "in all likelihood exist." *Bledsoe*, 501 F.3d at 504 n.12. He does not allege personal knowledge of Walgreen's claim submission procedures. *Prather*, 838 F.3d at 770. And he does not otherwise allege facts "from which it is highly likely that a claim was submitted to the government." *Chesbrough*, 655 F.3d at 472. At the least, Hirt could have described a prescription filled by one of his previous customers at the Willow Walgreens. In the same way that Hirt discovered that his former customers had accepted the gift cards, he could have determined whether they used those gift cards when filling a prescription at Walgreens. And if that is somehow not the case, how could he know that Walgreens violated the False Claims Act—the first requirement for filing an action?

Hirt's general allegations that Walgreens offered gift cards and some Medicare and Medicaid recipients accepted them do not meet the particularity requirement. "To conclude that a claim was presented" in this setting "requires a series of assumptions," leaving only a "possibility" of fraudulent submissions rather than an establishment of them. *Id.* Hirt failed to

describe even one unlawful prescription purchase—that customer X of his pharmacy filled prescription Y with Willow Walgreens on date Z after receiving a gift card from Walgreens. If Hirt lacked the information to do even this, he was not the right plaintiff to bring this *qui tam* claim—and almost certainly not the right one to do so in a way that would allow a court to decide whether the public-disclosure bar applies to the allegation. We have no basis for excluding a lack of personal knowledge when it comes to the essential—the primary—illegal conduct at issue. *Id.* The point of Civil Rule 9(b) is to prevent, not facilitate, casual allegations of fraud.

The privacy concerns reflected in the Health Insurance Portability and Accountability Act (HIPAA) do not permit us to overlook this problem. Hirt could have used customer initials, dates, or other non-identifying descriptions. Exposing a false claim with particularity does not require risking the personal privacy of the claimant.

For these reasons, we affirm.