**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0370n.06

Case No. 16-6427

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 26, 2017
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| 859 BOUTIQUE FITNESS, LLC, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE EASTERN DISTRICT OF |
| CYCLEBAR FRANCHISING, LLC, | ) | KENTUCKY |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |
| | ) | |

**BEFORE: COOK, KETHLEDGE, and DONALD, Circuit Judges.**

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiff, 859 Boutique Fitness, LLC, brought the underlying action following a breakdown in its negotiations to purchase a franchise from Defendant, CycleBar Franchising, LLC. Defendant moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which the district court granted. Plaintiff now appeals. For the reasons that follow, we **AFFIRM** the district court's dismissal of the complaint.

I.

CycleBar Franchising ("CycleBar"), a franchisor of indoor-cycle fitness studios, began negotiations with 859 Boutique Fitness ("Boutique Fitness") to become a franchisee of CycleBar in September 2015. The negotiations concerned a possible ten-year franchise for a studio in the

St. Louis, Missouri area. As part of the negotiations, CycleBar provided corporate financials to Boutique Fitness to show that the franchise could generate about $250,000 in profits per year. In return, Boutique Fitness provided CycleBar with financial statements, background checks, and other personal records of its members and potential employees.

Negotiations between CycleBar and Boutique Fitness continued until November 2015. On November 11, 2015, Boutique Fitness participated in a "Closing Call" with CycleBar executives. During this call, CycleBar executives represented that the terms and conditions of the Franchise Agreement were agreeable, and Boutique Fitness signed the Franchise Agreement. CycleBar then informed Boutique Fitness that its executives "had executed the Franchise Agreement immediately." Following this call, Boutique Fitness immediately wired $59,500 in franchise and training fees to CycleBar.

Two days after the Closing Call, on November 13, 2015, CycleBar informed Boutique Fitness that it would no longer sell Boutique Fitness a franchise and that it would refund the entirety of Boutique Fitness' franchise fees. According to Boutique Fitness, it learned, following the termination of the relationship, that CycleBar had backed out of their negotiations in order to sell the same St. Louis franchise to another entity.

Boutique Fitness brought this suit in December 2015, alleging breach of contract, promissory estoppel, breach of warranty, negligent and fraudulent misrepresentation, violations of the Kentucky Consumer Protection Act ("KCPA"), violation of 16 C.F.R. § 436.9, and punitive damages.[1] CycleBar filed a motion to dismiss for failure to state a claim, which the district court granted. The district court held that Boutique Fitness failed to state a claim for violation of the KCPA because the Act only provides a private cause of action to a purchaser for

---

[1] Boutique Fitness filed its complaint in Fayette County Circuit Court of Kentucky, and CycleBar removed it to federal court on the basis of diversity jurisdiction.

personal, family, or household purposes. As to Boutique Fitness' negligent and fraudulent misrepresentation claim, the district court found that Boutique Fitness failed to allege a causal relationship between the alleged misrepresentation and any injury with the particularity required by Federal Rule of Civil Procedure 9(b). The district court, however, dismissed this claim without prejudice, permitting Boutique Fitness to amend its complaint.[2]

Boutique Fitness filed an amended complaint, alleging that it expended resources in furtherance of its contractual relationship with CycleBar, including "monies paid to employees of 859 Boutique Fitness and travel expenses associated with meeting with CycleBar in an amount not exceeding $74,383.79." (R. 16, PageID # 248.) CycleBar again filed a motion to dismiss, which the district court granted on the basis that Boutique Fitness still failed to show a connection between the alleged misrepresentation and any damages suffered. Boutique Fitness now appeals.

## II.

We generally review a district court's decision to grant a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo. *Gavitt v. Born*, 835 F.3d 623, 639 (6th Cir. 2016). A court faced with a motion to dismiss must view the complaint in the light most favorable to the nonmoving party, accept all the allegations in the complaint as true, and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 639–40. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

---

[2] The district court dismissed the remainder of Boutique Fitness' claims with prejudice. Boutique Fitness does not appeal these claims.

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Although the complaint need not contain detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration and citation omitted).

III.

Boutique Fitness only appeals the district court's dismissal of its complaint on two counts: (1) CycleBar's alleged violation of the KCPA; and (2) CycleBar's alleged negligent and fraudulent misrepresentation.

### A.    *Claims under the KCPA*

Boutique Fitness first argues that CycleBar violated the KCPA by engaging in "unfair, false, misleading or deceptive acts or practices in the conduct of their trade and/or commerce." (R. 1-1, PageID # 13.) The district court dismissed this claim, finding that "the KCPA only provides a private cause of action for an individual 'who purchases or leases goods or services primarily for personal, family or household purposes.'" (R. 15, PageID # 240 (quoting Ky. Rev. Stat. § 367.220(1)).) Boutique Fitness now argues that the district court "erred in reflexively assuming that [§ 367.220(1)'s] special provisions were the *only* basis of recovery for a person injured" by acts prohibited under Ky. Rev. Stat. § 367.170. (Appellant Br., at 10.) Instead, argues Boutique Fitness, Ky. Rev. Stat. § 446.070 provides an avenue for it to bring a private action against CycleBar for a violation of § 367.170. According to Boutique Fitness, such a violation of the statute is negligence per se.

The KCPA provides that "[u]nfair, false, misleading, or deceptive acts or practices in the conduct of any trade or commerce are [] unlawful." Ky. Rev. Stat. § 367.170(1). The statute further provides that:

> Any person who purchases or leases goods or services primarily for personal, family or household purposes and thereby suffers any ascertainable loss . . . as a result of the use or employment by another person of a method, act or practice declared unlawful by KRS 367.170, may bring an action . . . to recover actual damages.

Ky. Rev. Stat. § 367.220(1). The Kentucky Court of Appeals has noted that "[t]o maintain an action alleging a violation of the [KCPA], however, an individual must fit within the protected class of persons defined in KRS 367.220." *Skilcraft Sheetmetal, Inc. v. Ky. Mach., Inc.*, 836 S.W.2d 907, 909 (Ky. Ct. App. 1992). Federal district courts addressing this issue have largely held that based on the limitation provided by § 367.220, only a person who purchases or leases goods or services primarily for personal, family, or household purposes may bring an individual private cause of action under the KCPA. *See, e.g.*, *Powerscreen USA, LLC v. D&L Equip., Inc.*, 661 F. Supp. 2d 705, 716 (W.D. Ky. 2009) ("KRS 367.220 limits private rights of action under 367.170 to purchasers or lessors of goods or services primarily for personal, family, or household use."); *Gooch v. E.I. DuPont de Nemours & Co.*, 40 F. Supp. 2d 857, 862 (W.D. Ky. 1998) (finding that plaintiff did not have a private right of action under the KCPA because the products it purchased were for commercial rather than personal, family, or household purposes).

Boutique Fitness now appears to argue that the provision of a limited private right of action in § 367.220 does not eliminate a private cause of action for other aggrieved parties not contemplated by this section. Boutique Fitness argues that § 446.070, which provides that "[a] person injured by the violation of any statute may recover from the offender such damages as he sustained by reason of the violation," allows it to bring an action for a violation of § 367.170,

even though Boutique Fitness is not a purchaser or lessee for personal, family, or household purposes. This argument is without merit.

Initially, Boutique Fitness raises this argument for the first time on appeal. In its response to CycleBar's motion to dismiss before the district court, Boutique Fitness argued that "Kentucky, through KRS 367.815, 'provides [for] a limited private right of action for the purchaser of a business opportunity' under the [KCPA]." (R. 12, PageID # 136 (quoting *Commonwealth ex rel. Stephens v. N. Am. Van Lines, Inc.*, 600 S.W.2d 459, 461 (Ky. Ct. App. 1979)). Boutique Fitness abandons this argument before this Court and advances a negligence per se theory under § 446.070. As a general rule, "the failure to present an issue to the district court forfeits the right to have the argument addressed on appeal." *Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008) (quoting *Armstrong v. City of Melvindale*, 432 F.3d 695, 699–700 (6th Cir. 2006)). Because Boutique Fitness failed to raise this theory of entitlement to relief before the district court, it has forfeited the right to have the argument addressed by this Court.

Were we to consider the merits of this claim regardless, it still fails. Contrary to Boutique Fitness' arguments, § 446.070 does not provide for a private right of action under § 367.170. Boutique Fitness relies heavily on *North American Van Lines* for the proposition that the KCPA in general, and § 367.170 in particular, was intended to also protect the rights of business and commercial purchasers. According to Boutique Fitness, this protection under § 367.170 allows it to bring a traditional negligence per se action for a violation of § 367.170. This reliance on *North American Van Lines*, however, is misplaced. True, in *North American Van Lines*, the Kentucky Court of Appeals held that "the [KCPA] was broadly designed to curtail unfair, false, misleading or deceptive practices in the conduct of commerce." 600 S.W.2d at 462. This holding, however, does not create the private cause of action that Boutique Fitness attempts

to read into it.  In that case, the court was focused on determining the scope of the state Attorney General's authority to enjoin deceptive commercial practices.  *Id*. at 460.  The Attorney General argued that the KCPA's "limitation of private right of action to 'any person who purchases or leases goods or services primarily for personal, family or household purposes,' as specified in K.R.S. 367.220, [was] separate from his statutory authority, and that he is treated differently because as a law enforcement officer he has different purposes in initiating legal proceedings." *Id*.  The court agreed with this argument and concluded that the Attorney General was not limited to prosecuting only illegal business practices involving goods and services for personal or household use.  *Id*. at 462.

That this holding does not support Boutique Fitness' private right of action is further bolstered by the court's reasoning in rejecting the appellee's argument in this case.  The appellee argued that the subsequent enactment of Ky. Rev. Stat. §§ 367.801–819, which relates to the sale of business opportunities, indicated that the earlier provisions of the KCPA did not cover business transactions.  *Id*. at 461.  In rejecting this argument, the court noted that "K.R.S. 367.815[3] provides for a limited private right of action for the purchaser of a business opportunity, and it is clear, in light of K.R.S. 367.220, that such [a] right would not have existed prior to the subsequent enactment."  *Id*.[4]

Ultimately, Boutique Fitness' attempt to bootstrap its § 367.170 claim onto § 446.070 fails because § 367.220 provides a remedy for a violation of § 367.170.  "KRS 446.070 provides

---

[3] Ky. Rev. Stat. § 367.815(1) provides that:
> Any person who offers a business opportunity and makes representations that are false, misleading, or deceptive shall be liable to the consumer/investor of such business opportunity in an amount equal to the sum of his actual damages or fifteen hundred dollars ($1,500), whichever is greater, as well as the cost of the action together with reasonable attorney's fees, as determined by the court.

[4] We need not address whether Boutique Fitness may advance a claim under § 367.815 because, as mentioned earlier, they have abandoned that argument before this Court.

a cause of action to a person injured by a violation of a statute which is penal in nature or which does not prescribe the remedy for its enforcement or violation." *Skilcraft*, 836 S.W.2d at 910 (citing *Hackney v. Fordson Coal Co.*, 19 S.W.2d 989, 990 (Ky. 1929)); *see also Thompson v. Breeding*, 351 F.3d 732, 737 (6th Cir. 2003) ("The Kentucky Supreme Court has carefully limited the applicability of section 446.070 to situations where the statute that was allegedly violated provides no remedy for the aggrieved party."). Here, § 367.170 declares unfair, false, misleading, or deceptive acts in commerce or trade unlawful, and § 367.220 specifies the remedy available for a violation of the statute. This type of statutory remedy precludes the operation of § 446.070 and is "consistent with the general rule of statutory construction that 'as between legislation of a broad and general nature on the one hand, and legislation dealing minutely with a specific matter on the other hand—the specific shall prevail over the general.'" *Thompson*, 351 F.3d at 737 (quoting *City of Bowling Green v. Bd. of Educ.*, 443 S.W.2d 243, 247 (Ky. 1969)).

Boutique Fitness cannot show that it may bring a private cause of action against CycleBar for a violation of the KCPA; therefore, it has failed to state a claim for which relief can be granted.

### B. Negligent and Fraudulent Misrepresentation

Boutique Fitness next argues that the district court improperly dismissed its negligent and fraudulent misrepresentation claim because the district court too strictly applied the relevant pleading standards. Notwithstanding the "short and plain" statement required by Rule 8 of the Federal Rules of Civil Procedure, a party alleging fraud is held to a higher standard and "must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). This generally requires a plaintiff to specify: "(1) what the fraudulent statements were, (2) who

made them, (3) when and where the statements were made, and (4) why the statements were fraudulent." *Morris Aviation, LLC v. Diamond Aircraft Indus., Inc.*, 536 F. App'x 558, 562 (6th Cir. 2013) (citing *Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012)). Negligent misrepresentation claims are subject to these same heightened pleading requirements under Kentucky state law. *Republic Bank*, 683 F.3d at 247–48 (citing *Thomas v. Schneider*, No. 2009-CA-002132-MR, 2010 WL 3447662, at \*1 n.2 (Ky. Ct. App. Sept. 3, 2010)).

A plaintiff seeking to establish fraudulent misrepresentation under Kentucky law must prove by clear and convincing evidence:

> (1) that the declarant made a material representation to the plaintiff, (2) that this representation was false, (3) that the declarant knew the representation was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff.

*Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 548–49 (Ky. 2009). Importantly, the plaintiff's reliance on any misrepresentation must be reasonable or "justifiable." *Id*. at 549.

Boutique Fitness' claim of fraud essentially alleges that CycleBar misrepresented that it had executed the Franchise Agreement. According to Boutique Fitness, during the November 11, 2015 "Closing Call" between Boutique Fitness and CycleBar executives, "CycleBar made express representations that all terms and conditions of the Franchise Agreement had been agreed to by all parties, including CycleBar, and that CycleBar executives had executed the Franchise Agreement immediately." (R. 16, PageID # 247.) The district court determined that Boutique Fitness' amended complaint satisfied the first four elements of a fraudulent misrepresentation claim under Kentucky law, but nevertheless dismissed the complaint based on

its finding that Boutique Fitness failed to show a nexus between the alleged misrepresentation and any specific injury.

The amended complaint alleges that after the Closing Call, Boutique Fitness immediately wired $59,500 in franchise and training fees to CycleBar. More specifically, as injury resulting from CycleBar's misrepresentations, the complaint asserts that "Boutique Fitness expended tremendous resources in furtherance of its contractual relationship with CycleBar; including, without limitation, monies paid to employees of 859 Boutique Fitness and travel expenses associated with meeting with CycleBar." (R. 16, PageID # 248.) This general allegation, however, does not meet Rule 9(b)'s particularity requirement. To be sure, had Boutique Fitness alleged a claim of negligent and fraudulent misrepresentation that spanned the entirety of its dealings with CycleBar in this case, the outcome would necessarily be different. But it does not do that. Instead, Boutique Fitness has pled a claim of misrepresentation that began on November 11, 2015—the day of the Closing Call when the alleged misrepresentation was made—and ended on November 13, 2015—the day that CycleBar notified Boutique Fitness that it had not and would not execute the contract.

"[I]nferences and implications are not what Civil Rule 9(b) requires. It demands specifics—at least if the claimant wishes to raise allegations of fraud against someone." *United States ex rel. Hirt v. Walgreen Co.*, 846 F.3d 879, 881 (6th Cir. 2017). Specifics in this case would require Boutique Fitness to show, at the very least, that the "injury result[ed] from the fraud." *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 563 (6th Cir. 2003) (citation omitted). To wit, Boutique Fitness needs to plead, with particularity, that CycleBar's alleged misrepresentation that the Franchise Agreement was agreeable and had been executed caused its injury. Other than the $59,500 in franchise and training fees, which CycleBar agreed to

immediately refund and which Boutique Fitness does not claim was not returned, Boutique Fitness has not so pled. This failure is fatal to Boutique Fitness' ability to state a claim of fraudulent or negligent misrepresentation.

IV.

For the aforementioned reasons, we **AFFIRM.**