**Donald McKINLEY, Appellant**

v.

**CIRCLE K, Appellee.**

**No. 2013–CA–000289–MR.**

Court of Appeals of Kentucky.

June 20, 2014.

George R. Carter, Louisville, KY, for appellant.

A. Pete Pullen, Francisco Savinon, Louisville, KY, for appellee.

Before COMBS, DIXON, and VANMETER, Judges.

## OPINION

VANMETER, Judge:

Donald McKinley appeals from the Jefferson Circuit Court's order granting summary judgment in favor of Circle K. For the following reasons, we reverse and remand.

On December 17, 2010, McKinley entered Circle K to purchase a lottery ticket. He parked in the rear of the store in a lot not marked for parking, but where he says he and others have parked regularly for years. The day before, December 16, a snowstorm hit in Louisville. On the day of the snowstorm, Circle K hired an independent contractor to clear the snow and ice from the store's front and side lots, but not from the back lot, and to treat the cleared areas with salt. Snow and ice remained on the back lot on December 17, of which McKinley was aware.

While returning to his truck after purchasing his lottery ticket, McKinley traversed the same path he took to enter the store and slipped and fell on a patch of ice, breaking three ribs. McKinley then

brought this premises liability action against Circle K. After discovery, Circle K filed a motion for summary judgment which the trial court granted. This appeal follows.

McKinley contends that the trial court erred in granting Circle K's motion for summary judgment by finding that Circle K did not owe McKinley a duty because the snow and ice were open and obvious conditions on the lot and because McKinley's injury was not foreseeable so as to extend Circle K's duty to protect him. McKinley argues that because of Circle K's status as a business, Circle K had a duty to protect invitees such as him from unreasonable risks and to maintain its premises in a reasonably safe condition. McKinley also argues that the question of foreseeability is a factual determination to be made by a jury and should therefore overcome a motion for summary judgment. We agree summary judgment was not appropriate in this case, but for slightly different reasons than those advanced by McKinley.

CR [1] 56.03 provides that summary judgment is appropriate when no genuine issue of material fact exists and the moving party is therefore entitled to judgment as a matter of law. Summary judgment may be granted when "as a matter of law, it appears that it would be impossible for the respondent to produce evidence at the trial warranting a judgment in his favor and against the movant." *Steelvest, Inc. v. Scansteel Serv. Ctr., Inc.,* 807 S.W.2d 476, 483 (Ky.1991) (internal quotations omitted). Whether summary judgment is appropriate is a legal question involving no factual findings, so the trial court's grant of summary judgment is reviewed *de novo. Coomer v. CSX Transp., Inc.,* 319 S.W.3d 366, 370–71 (Ky.2010).

With respect to dangerous conditions that are open and obvious to an invitee, as in this case, the inquiry used to determine a land possessor's liability has been recently altered. Since the parties filed their appellate briefs, the Kentucky Supreme Court has rendered its decision in *Shelton v. Ky. Easter Seals Soc'y, Inc.,* 413 S.W.3d 901 (Ky.2013), and we find *Shelton,* as it clarifies *Ky. River Med. Ctr. v. McIntosh,* 319 S.W.3d 385 (Ky.2010), a case discussed by the parties in their briefs, to be controlling.

■ McKinley contends that Circle K owed a duty to warn and protect him from the snow and ice conditions. Under *McIntosh* and previous open-and-obvious cases, "a defendant's liability would be excused because the court would determine the defendant did not owe a duty to the plaintiff because of the obviousness condition." *Shelton,* 413 S.W.3d at 910. In other words, a defendant would be absolved from liability due to a plaintiff's failure to take notice of and avoid an open and obvious danger. *Id.* However, the court in *Shelton* found this duty analysis to be flawed since it overlooks the applicable standard of care, and decided to "shift the focus away from duty to the question of whether the defendant has fulfilled the relevant standard of care." *Id.*

■ Under *Shelton,* the duty analysis is simply to determine the specific duty owed by the land possessor, besides the general duty of reasonable care. *Id.* at 908. In determining the specific duty owed,

> duty is associated with the status of the injured party as an invitee, licensee, or trespasser.... [A]n invitee is generally defined as one who "enters upon the premises at the express or implied invitation of the owner or occupant on be-

1. Kentucky Rules of Civil Procedure.

half of mutual interest to them both, or in connection with the business of the owner or occupant." Generally speaking, a possessor of land owes a duty to an invitee to discover unreasonably dangerous conditions on the land and either eliminate or warn of them.

*Id.* at 909. Because McKinley was at Circle K to purchase a lottery ticket, he was there as an invitee and, as a result, Circle K owed him not only a general duty of reasonable care, but also the more specific duty associated with the land possessor-invitee relationship. *Id.* at 910. That being said, "[t]his is as far as the duty analysis needs to go." *Id.*

The next question is whether the land possessor fulfilled the relevant standard of care owed to its invitee, which the *Shelton* court found to be a question of breach, not duty. The standard of care for invitors, as expressed in the Restatement (Second) of Torts, § 343 (1965), is as follows:

> According to the Restatement, a possessor of land is "subject to liability" when he fails to protect his invitees from harm, despite the condition's open and obvious nature, because he should have anticipated that harm would result. But a possessor of land is simply "not liable to his invitees for physical harm caused to them by any condition on the premises whose danger is known or obvious to them unless the possessor should anticipate the harm despite such knowledge or obviousness." Read together, as called for by the Restatement (Second), Section 343 outlines the general standard of care applicable to invitors; and Section 343A serves as an acknowledgement that under certain limited circumstances, negligence will not be present. In other words, Section 343A suspends liability when the danger is known or obvious to the invitee, *unless* the invitor should anticipate or foresee harm result-

ing from the condition despite its obviousness or despite the invitee's knowledge of the condition. The Restatement does not support a no-duty determination.

Accordingly, an open-and-obvious condition does not eliminate a landowner's duty. Rather, in the event that the defendant is shielded from liability, it is because the defendant fulfilled its duty of care and nothing further is required. The obviousness of the condition is a "circumstance" to be factored under the standard of care. No liability is imposed when the defendant is deemed to have acted reasonably under the given circumstances. So a more precise statement of the law would be that a landowner's duty to exercise reasonable care or warn of or eliminate unreasonable dangers is not breached. "When courts say the defendant owed no duty, they usually mean only that the defendant owed no duty *that was breached* or that he owed no duty *that was relevant on the facts.*" And without breach, there can be no negligence as a matter of law.

\* \* \*

"The extent of foreseeable risk" at the time of the defendant's alleged negligence "depends on the specific facts of the case and cannot be usefully assessed for a category of cases; small changes in the facts may make a dramatic change in how much risk is foreseeable. Thus, courts should leave such determinations to the trier of fact unless no reasonable person could differ on the matter." It is important to note that whether a duty of care exists is a wholly different and distinct concept from whether a standard of care, typically that of reasonable or ordinary care, is met or satisfied. One is purely a legal question, grounded in social policy, while the other is inherently fact-intensive, grounded in com-

mon sense and conduct acceptable to the particular community. Accordingly, the foreseeability of the risk of harm should be a question normally left to the jury under the breach analysis. In doing so, the foreseeability of harm becomes a factor for the jury to determine what was required by the defendant in fulfilling the applicable standard of care.

*Shelton,* 413 S.W.3d at 911–14 (internal citations omitted).

 As noted above, a land possessor has a duty to an invitee to eliminate or warn of unreasonable risks of harm. In determining what constitutes an unreasonable risk, the *Shelton* court set forth the following factors listed in the Restatement (Second) § 343A in which a defendant may be found liable despite the obviousness of the danger:

> [W]hen a defendant has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious or will forget what he has discovered, or fail to protect himself against it; and when a defendant has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk. ... "[a] risk is not unreasonable if a reasonable person in the defendant's shoes would not take action to minimize or avoid the risk." Normally, an open-and-obvious danger may not create an unreasonable risk. Examples of this may include a small pothole in the parking lot of a shopping mall; steep stairs leading to a place of business; or perhaps a simple curb. But when a condition creates an unreasonable risk, that is when a defendant "should anticipate that the dangerous condition will cause physical harm to the invitee notwithstanding its known or obvious danger[,]" liability

may be imposed on the defendant as a breach of the requisite duty to the invitee depending on the circumstances.

*Id.* at 914 (internal citations omitted).

The *Shelton* court emphasized that "summary judgment remains a viable concept under this approach. . . . But the question of foreseeability and its relation to the unreasonableness of the risk of harm is properly categorized as a factual one, rather than a legal one." *Id.* at 916. On a motion for summary judgment, the trial court must "examine[ ] the defendant's conduct, not in terms of whether it had a duty to take particular actions, but instead in terms of whether its conduct breached its duty to exercise the care required as a possessor of land." *Id.* (internal quotations and citation omitted). "There must be a weighing of the burden of eliminating the risk with the harm imposed . . . . [t]he greater the burden of eliminating the risk, the greater the risk of harm must be." *Id.* at 918. If reasonable minds cannot differ as to whether the defendant's conduct breached its duty to exercise the requisite care, summary judgment is still available to the land possessor. *Id.* at 916. Notably, "summary judgment is to be cautiously employed for cases where there is no legitimate claim under the law and it would be impossible to assert one given the facts." *Id.*

 In the situation presented, the harm posed by the snow and ice on the back lot must be weighed with the burden of clearing and salting the back lot. That weighing involves reviewing the potential effect on Circle K (cost to pay independent contractor to clear back lot) versus the potential risk of harm (customers slipping and falling on the uncleared lot). Because McKinley was an invitee, Circle K had a duty to protect him from any unreasonable risks it could foresee. Based on the evidence that Circle K cleared the snow and

ice from the front and side lots and salted those areas, a reasonable mind could find that Circle K was aware of the risk of physical harm the snow and ice presented to invitees and sought to protect against it. Furthermore, under the foreseeability factors adopted from the Restatement in *Shelton*, 413 S.W.3d at 914, a reasonable mind could find that it should have been foreseeable to Circle K that invitees who regularly parked in the rear of the store would continue to do so and would choose to encounter the risk of slipping and falling on the ice in exchange for the advantages of making purchases from the store.

In light of *Shelton*'s emphasis on the foreseeability and breach questions as questions of fact and their separation from the question of whether a duty existed, we believe an issue of material fact exists as to whether Circle K could have foreseen the harm to McKinley and whether it acted reasonably in fulfilling its duty to invitees to protect against the risk of physical injury from the ice and snow.

For the foregoing reasons, the order of the Jefferson Circuit Court is reversed and this case is remanded to that court for further proceedings.

ALL CONCUR.