RENDERED: JULY 12, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0879-MR

MICHAEL S. KARGER AND JODY
GILL THOMAS                                                                APPELLANTS


                   APPEAL FROM WHITLEY CIRCUIT COURT
v.                 HONORABLE DANIEL BALLOU, JUDGE
                   ACTION NO. 22-CI-00306


MARTIN CARR; MARANDA CARR;
AND WHITLEY COUNTY                                                          APPELLEES


OPINION
AFFIRMING

** ** ** ** **

BEFORE:  COMBS, A. JONES, AND KAREM, JUDGES.

KAREM, JUDGE:  Appellants, Michael S. Karger and Jody Gill Thomas, appeal

from the Whitley Circuit Court's order granting summary judgment to Appellees,

Martin and Maranda Carr.  The circuit court awarded $201,888.33, less $50,000 in

insurance proceeds to the Carrs.  The $50,000.00 was awarded to Karger and

Thomas as a payoff of the land contract between the parties.  Upon receipt of said

payoff, the court required Karger and Thomas to convey their interest in real property to the Carrs. Finding no error, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 1, 2011, the Carrs entered into a land contract with Karger for the fee-simple purchase of a house and approximately six (6) acres of land located in Williamsburg, Kentucky. The purchase price was $65,000.00, with $5,000.00 as a down payment and $60,000.00 payable at eight percent (8%) interest amortized over thirty (30) years with a twelve (12) year balloon payment due on March 1, 2023. Additionally, the land contract stated the $440.26 monthly payment amount included 1/12 of the estimated annual taxes and insurance for the dwelling. Under the land contract, which was not recorded, Karger agreed to give possession of the property to the Carrs on March 1, 2011.

On August 2, 2022, Karger and Thomas filed a verified complaint against the Carrs for declaratory relief to enjoin waste, to replevy realty, and to receive an award of treble damages for loss of value of realty. Karger and Thomas alleged that, because of the Carrs' alleged waste of the realty, the fair market value of the realty had decreased from more than $65,000.00 to $25,000.00. Additionally, Karger and Thomas stated in the complaint that they anticipated that the Carrs would be unable to make the balloon payment due in March 2023.

Thereafter, on September 7, 2022, the subject house burned down in a fire, resulting in a total loss. At all relevant times, the property was insured by a rental property insurance policy issued by USAA Casualty Insurance Company ("USAA"). The policy's coverage resulted in available monies of $251,888.33. Ultimately, on December 20, 2022, USAA filed an interpleader complaint stating that Karger, Thomas, and the Carrs had all asserted a claim for the insurance funds and that USAA was unsure which party should receive the insurance payout. At no point did USAA allege arson against any party in the case. Moreover, the fire report contained no allegations of arson, and no criminal charges were filed concerning the fire.

On January 6, 2023, the circuit court entered an order granting USAA's motion to file an interpleader complaint and requiring USAA to pay the sum of $251,888.33 to the clerk of court to be held in an interest-bearing account. On January 20, 2023, the circuit court entered an order dismissing USAA from the lawsuit.

On February 14, 2023, the Carrs filed a motion for summary judgment, requesting to be paid the insurance proceeds being held with the court, less the payoff amount owed to Karger and Thomas, and further requesting a deed to the property upon payoff. The trial court granted summary judgment in favor of

the Carrs, and Karger and Thomas filed a motion to alter, amend, or vacate. The circuit court denied the motion, and this appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

Kentucky Rule of Civil Procedure ("CR") 56.03 authorizes a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). However, as the Kentucky Supreme Court stated, "[i]f the litigants are given an opportunity to present evidence which reveals the existence of disputed material facts and upon the trial court's determination that there are no such disputed facts, summary judgment is appropriate." *Ross v. Powell*, 206 S.W.3d 327, 330 (Ky. 2006), *as corrected* (Jan. 31, 2007). Further, "[w]hether summary judgment is appropriate is a legal question involving no factual findings, so the trial court's grant of summary

judgment is reviewed *de novo*." *McKinley v. Circle K*, 435 S.W.3d 77, 79 (Ky. App. 2014) (citation omitted).

## 2. Discussion

The Appellants' sole argument on appeal is that a genuine issue of material fact exists regarding the payoff amount because the trial court based its summary judgment on inadmissible evidence of a message between Maranda Carr and Karger. We disagree. It is axiomatic that to defeat a summary judgment motion, the non-moving party must present affirmative evidence demonstrating a genuine issue of material fact necessitating a trial. *Neal v. Welker*, 426 S.W.2d 476, 479 (Ky. 1968). If the non-moving party fails to do so, the court may grant summary judgment in favor of the moving party. *Id*.

In this case, Karger and Thomas were given ample opportunity to provide evidence regarding the payoff amount but never did so. Indeed, Karger and Thomas did not offer any information or evidence to the trial court regarding the payoff amount.

Alternatively, in support of the Carr's summary judgment motion, they provided Maranda Carr's affidavit stating a $50,000.00 payoff amount. Additionally, the Carrs provided a copy of a message between Karger and Maranda Carr saying, "Maranda. [B]y my calculations[,] the balance after the July payment was $51,101.71 with interest from July 1. However, as I said, I will accept a

payoff of $50,000.00.  Faxing is difficult as that is an old technology.  It would be better if I could email.  Mike."

Thus, in ruling on the Carr's summary judgment motion, the trial court had Maranda Carr's affidavit stating the payoff amount as she believed it to be.  Moreover, such an amount was supported by Karger's message stating he would accept a $50,000.00 payoff.  Karger and Thomas offered nothing to dispute this amount.  Because Karger and Thomas did not present any proof or even a bare allegation as to the payoff amount, the trial court properly held there were no genuine issues of material fact, and summary judgment was appropriate.

## <u>CONCLUSION</u>

For the foregoing reasons, we affirm the Whitley Circuit Court's order.

ALL CONCUR.

BRIEFS FOR APPELLANTS:

James H. Wren, II
Williamsburg, Kentucky

BRIEF FOR APPELLEES:

Sarah Tipton Reeves
Corbin, Kentucky