RENDERED: NOVEMBER 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1375-MR

OLIVIA LUSSI                                                           APPELLANT

APPEAL FROM BOONE CIRCUIT COURT
v.         HONORABLE RICHARD A. BRUEGGEMANN, JUDGE
ACTION NO. 22-CI-00285

WALTON RIDGE APARTMENTS,
LLC AND GUARDIAN
MANAGEMENT CO., INC.                                                  APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: ACREE, KAREM, AND TAYLOR, JUDGES.

KAREM, JUDGE: Olivia Lussi ("Lussi") appeals from the Boone Circuit Court's

grant of summary judgment in a personal injury case based on Kentucky Revised

Statute ("KRS") 411.190, Kentucky's Recreational Use Statute. Because we agree

with Lussi that KRS 411.190 is not applicable in this case and the circuit court

erred in granting summary judgment, we reverse the judgement and remand the

case for additional proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 19, 2021, Lussi slipped and fell on a slick algae-like substance while running on a sidewalk in Walton, Kentucky. As a result of the fall, Lussi sustained a trimalleolar fracture of the right ankle that required multiple surgeries.

On March 15, 2022, Lussi filed a complaint against Walton Ridge Apartments, LLC ("Walton Ridge"), Guardian Management Co., Inc. ("Guardian Management"), and the City of Walton, Kentucky.[1] In the complaint, Lussi asserted negligence, negligence *per se*, and punitive damages claims. Specifically, Lussi alleged that the City of Walton owned and maintained the "public" sidewalk upon which she was running when she fell. Moreover, she asserted that Walton Ridge owned the property abutting the sidewalk and that Guardian Management managed the property owned by Walton Ridge. For each count, Lussi alleged that Walton Ridge's and Guardian Management's actions and inactions in maintaining Walton Ridge's property caused her injuries in that a water leak originating on Walton Ridge's property flowed onto the sidewalk, creating the algae-like substance on the sidewalk upon which she slipped and fell.

---

[1] Lussi included other entities in her complaint; however, the circuit court ultimately dismissed such entities from the case and they are not relevant to this appeal.

In response, all the defendants denied owning or operating the portion of the property where Lussi's fall occurred.

After fifteen (15) months of discovery, Walton Ridge moved for summary judgment on May 1, 2023, alleging it was immune from suit based on KRS 411.190, Kentucky's Recreational Use Statute. Specifically, it argued that Lussi had deposed the City of Walton's Engineer, Matt Bogen, who testified that he had reviewed a plat, a site plan, and the Boone County "GIS" electronic property records and that Lussi's fall occurred on a portion of the sidewalk upon which the City of Walton had no ownership interest, easement, or right of way. Instead, he opined that the portion of sidewalk upon which Lussi's injury occurred was privately owned by Walton Ridge. Thus, Walton Ridge claimed it was entitled to the Recreational Use Statute's protection because it made that portion of the sidewalk available for running, a recreational activity.

Lussi ultimately stipulated that Walton Ridge, and not the City of Walton, owned the applicable sidewalk, filing a document with the circuit court stating the following:

> [Lussi], by and through counsel, hereby stipulates to the conclusion in the land survey performed by Defendant City of Walton (and attached hereto as Exhibit 1) that the area of sidewalk upon which [Lussi] fell and was injured was not owned by the City of Walton but was, in fact, under the ownership, custody, and control of Defendant [Walton Ridge] at all times relevant.

Over Lussi's written and oral objection, the circuit court granted Walton Ridge's August 31, 2023, motion to amend its complaint to allege KRS 411.190 as an affirmative defense or avoidance of liability under Kentucky Rule of Civil Procedure ("CR") 8.03. Additionally, the circuit court granted Walton Ridge's summary judgment motion, concluding that "[u]nder the [Recreational Use] statute's express terms, it covers any 'owner of land who either directly or indirectly invites or permits' use for recreational purposes." This appeal followed.

We will discuss further facts as they become relevant.

## ANALYSIS

### 1. Standard of Review

CR 56.03 authorizes granting a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, stipulations, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A court must view the record "in a light most favorable to the party opposing the motion for summary judgment and all doubts are to be resolved in his favor." *Steelvest, Inc. v. Scansteel Service Center, Inc.*, 807 S.W.2d 476, 480 (Ky. 1991) (citations omitted). Further, "[w]hether summary judgment is appropriate is a legal question involving no factual findings, so the trial court's grant of summary

judgment is reviewed *de novo*." *McKinley v. Circle K*, 435 S.W.3d 77, 79 (Ky. App. 2014) (citation omitted).

### 2. **Discussion**

Lussi's primary argument is that KRS 411.190 does not bar her negligence claims because it only applies if a property owner intends to open the property for recreational use. The pertinent portions of Kentucky's Recreational Use Statute state the following:

> (3) Except as specifically recognized by or provided in subsection (6) of this section, an owner of land owes no duty of care to keep the premises safe for entry or use by others for recreational purposes, or to give any warning of a dangerous condition, use, structure, or activity on the premises to persons entering for such purposes.
>
> (4) Except as specifically recognized by or provided in subsection (6) of this section, an owner of land who either directly or indirectly invites or permits without charge any person to use the property for recreation purposes does not thereby:
>
> > (A) Extend any assurance that the premises are safe for any purpose;
> >
> > (B) Confer upon the person the legal status of an invitee or licensee to whom a duty of care is owed; or
> >
> > (C) Assume responsibility for or incur liability for any injury to person or property caused by an act or omission of those persons.

KRS 411.190.

The Kentucky Supreme Court examined the statute in the context of whether an owner of private land is protected under the statute "when the party neither prevents nor affirmatively invites a person to enter the land in question." *Coursey v. Westvaco Corp.*, 790 S.W.2d 229, 230 (Ky. 1990). The Court began by stating that "[t]he purpose of the statute is to encourage property owners to make land and water areas available to the public for recreational purposes by limiting their liability toward persons entering thereon for such purposes." *Id*. at 231. It then concluded that:

> to come within the protection of the statute [a landowner] must show at a minimum, proof that the landowner *knows* that the public is making recreational use of his property, and proof of some words, actions[,] or lack of action on his part from which it can be reasonably inferred that he *intended to permit* such use to be made of his property.

*Id*. (emphasis added). Moreover:

> To require a formal dedication of the land would defeat the purpose of the Act by reducing the number of owners who would dedicate their property. In lieu of a formal dedication, we hold that a landowner must at a minimum show he *knew and condoned the public making use of his land for a recreational purpose*, and *by the landowner's words, actions[,] or lack of action it must be able to be reasonably inferred the landowner intended to put his land to such use*.

*Id*. at 232 (emphasis added). Therefore, a party is not protected under KRS 411.190 "when the party neither prevents nor affirmatively invites a person to enter the land in question." *Id*. at 230 and 232.

In this case, the record reflects that while Walton Ridge may have had general knowledge that the sidewalk was being used recreationally, it did not know *its* land was being used recreationally. The landowner must have "intended to permit" recreational uses to be made of the landowner's property. *Id*. "Permit" is defined as "to consent to expressly or formally," "to give leave," or "to make possible." *See* MERRIAM–WEBSTER DICTIONARY ONLINE, http://www.merriam-webster.com/dictionary (last viewed Oct. 7, 2024). The definitions denote action. Thus, the volition of the landowner to make their land available for recreational uses determines the scope of the immunity statute. Put another way, the application of immunity depends on the landowner first exercising that volition to make their land available for recreational uses.

Here, Walton Ridge and Guardian Management have offered no evidence that they exercised their judgment or volition to permit their property to be used for the specific purposes detailed in KRS 411.190. Rather, at the time in question, Walton Ridge did not explicitly know who owned the portion of the sidewalk where Lussi's injury occurred. Thus, Walton Ridge could not have formed or maintained the requisite intent to permit recreational use on their

property.  Accordingly, the circuit court erred in granting summary judgment based on recreational immunity.

Additionally, our determination that recreational immunity is not available in this case moots Lussi's other arguments on appeal.  Thus, we decline to address such arguments.  *See Beshear v. Goodwood Brewing Company, LLC*, 635 S.W.3d 788, 798 (Ky. 2021)

## **<u>CONCLUSION</u>**

Based on the foregoing, we reverse the Boone Circuit Court's grant of summary judgment and remand for additional proceedings.

ALL CONCUR.

BRIEF FOR APPELLANT:

David G. Bryant
T.J. Smith
Louisville, Kentucky

BRIEF FOR APPELLEES:

Judd R. Uhl
R. Morgan Salisbury
Cincinnati, Ohio